RHETT V. BARNEY, WSBA #44764
LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256; Fax: (509) 323-8979

ROBERT J. CARLSON, WSBA#18455
LEE & HAYES, P.C.
One Convention Place
701 Pike Street, Ste. 1600
Seattle, WA 98101
Phone: (206) 315-4001; Fax (206) 315-4004

*Counsel for Plaintiff City of Leavenworth*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF LEAVENWORTH, a Washington municipal corporation, <br><br> Plaintiff, <br><br> v. <br><br> PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation, <br><br> Defendant. | No. 2:22-cv-00174-TOR <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION** <br><br> Hearing Date: September 27, 2022 <br> Time: 10:00 AM |

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION FOR PRELIMINARY INJUNCTION

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. FURTHER FACTUAL BACKGROUND ...........................................................2

III. LAW AND ARGUMENT ..................................................................................3

    A.    PBA's trademark registration does not authorize PBA's deceptive use of "Leavenworth". ..........................................................................3

        1.    Trademark registration does not shield a user from liability for deceptive use, nor forbid a court from enjoining such use. .....................3

        2.    PBA has not disputed the significant consumer confusion caused by its deceptive use......................................................................................5

    B.    Consumers are confused, and their initial interest in Leavenworth is diverted away by PBA's deceptive use. ........................................................6

        1.    PBA ignores the Ninth Circuit Doctrine of initial interest confusion.....6

        2.    Likelihood of confusion at Wenatchee Event ..........................................7

    C.    PBA's continuing statements deceive the public. .........................................9

    D.    The City did not delay its request for injunctive relief ................................10

IV. CONCLUSION...................................................................................................10

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
FOR PRELIMINARY INJUNCTION - i

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*,
  174 F.3d 1036 (9th Cir. 1999) .................................................................. 6, 7

*Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*,
  109 F.3d 1394 (9th Cir. 1997) ....................................................................... 6

*FTC v. Kay*,
  35 F.2d 160 (7th Cir. 1929) ............................................................................ 4

*FTC v. Winsted Hosiery Co.*,
  258 U.S. 483 (1922) ........................................................................................ 4

*K-Swiss, Inc. v. Swiss Army Brands, Inc.*,
  58 U.S.P.Q.2d 1540 (TTAB 2001) ............................................................. 4, 5

*In re Les Halles De Paris J.V.*,
  334 F.3d 1371 (Fed. Cir. 2003) .................................................................. 7, 8

*In re Wada*,
  194 F.3d 1297 (Fed. Cir. 1999) .................................................................. 3, 5

*Yamaha Int'l Corp. v. Hoshino Gakki Co.*,
  840 F.2d 1572 (Fed. Cir. 1988) .................................................................. 5, 8

*Zamfir v. Casperlabs, LLC*,
  528 F. Supp. 3d 1136 (S.D. Cal. Mar. 26, 2021) ........................................ 4, 5

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
FOR PRELIMINARY INJUNCTION - ii

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| Defendant or PBA | Defendant Projekt Bayern Association |
| The City | Plaintiff City of Leavenworth, Washington |
| Vodde | Declaration of Ethan B. Vodde in Support of Plaintiff's Reply in Support of Its Motion for Preliminary Injunction and exhibits |
| Voos | Declaration of Christie Voos in Support of Plaintiff's Reply in Support of Its Motion for Preliminary Injunction and exhibits |

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
FOR PRELIMINARY INJUNCTION - iii

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

## I. INTRODUCTION

In its motion for a Preliminary Injunction, Plaintiff City of Leavenworth (the "City") showed widespread evidence of consumer confusion resulting from Defendant Projekt Bayern Association's ("PBA") use of the term "Leavenworth" to advertise an event that will be held in Wenatchee, Washington. In its Response PBA contends "[t]here is [] zero risk of consumer confusion," arguing that patrons located in Wenatchee will know they aren't in Leavenworth. But the consumer confusion inquiry doesn't begin when a patron is already seated in a festival tent, holding a beer stein. PBA utterly ignores the Ninth Circuit doctrine of initial interest confusion. PBA ignores the effect of its deceptive use of "Leavenworth" on consumers in the early stages of a consumer's decision on whether to celebrate Oktoberfest, where to go, and how to buy tickets; the intent of the City's motion is to prevent confusion of these prospective festival-goers at the point of their initial interest.

PBA asserts that because it has registered the "Leavenworth Oktoberfest" mark, the City must prove the invalidity of the mark at this preliminary injunction stage. Invalidity of the PBA registration will be established in this case, but its validity is not germane to the issues of consumer confusion raised by the City's motion. That is, even a validly registered mark cannot be used deceptively. Thus, just as the owner of a valid mark "Valley Organic" would be enjoined from deceptively using that mark to sell non-organic foods, PBA cannot use "Leavenworth" to deceptively advertise and promote an Oktoberfest event it intends to hold in Wenatchee. For that reason, the validity or invalidity of PBA's registration is not relevant to the City's request for injunctive relief.

The City's motion showed the impact of PBA's false statements in the advertising

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

of its Wenatchee Event; PBA's weak assertion that those falsehoods "appeared true when made" is simply not credible. Moreover, untrue statements continue to appear on PBA's social media promoting its own event; unless enjoined PBA will not halt the stream of false information.

Lastly, PBA asserts that the City delayed its pursuit of injunctive relief, but in fact the City sought an expedited hearing date, and PBA's counsel opposed.

## II. FURTHER FACTUAL BACKGROUND

The City has continuously and consistently used LEAVENWORTH OKTOBERFEST in releases to the public to promote the Oktoberfest occurring in Leavenworth, Washington. Voos, ¶ 3, Ex. A. As early as April 27, 2022, PBA "was notified of [the City's] use of an advertisement that included 'Leavenworth Oktoberfest.'" ECF No. 10-8. Yet PBA made and continues to make statements that the City was not and is not hosting an Oktoberfest in 2022. ECF No. 11 at ¶ 11. Now, consumers are purchasing tickets for PBA's Wenatchee Event mistakenly believing that event to be the Oktoberfest celebration in Leavenworth, Washington. *See* Voos, ¶ 4, Ex. B.

An "Oktoberfest" is "a traditional festival held each October in Munich, Germany" or "any similar festival held usually in Autumn." Vodde, ¶ 6, Ex. D, 32. PBA has publicly claimed no rights to use of "OKTOBERFEST" in and of itself. *See* Vodde, ¶ 6, Ex. E, 39. PBA has conceded "LEAVENWORTH OKTOBERFEST" is primarily geographically descriptive. *See id.* PBA additionally states: "Projekt Bayern's public statements that its LEAVENWORTH OKTOBERFEST would take place in Wenatchee during 2022 *is different from saying that there would be no Oktoberfest in Leavenworth*." ECF No. 17 at 7, ¶ 27 (emphasis added). But PBA has stated: "There is no Oktoberfest in leavenworth.

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

I Repeat there is no Oktoberfest in Leavenworth this year." ECF No. 11-5; *see also* Vodde, ¶ 5, Ex. C.

PBA agreed to delete the public post of this statement upon request by the City. *See* Vodde, ¶ 4. In connection with this retraction, PBA did not agree to an expedited hearing date for this motion. *See id*. at ¶¶ 2-4. But despite removing one false post, PBA continues to make (and maintain on its social media) other public posts concerning the City and the Oktoberfest event in Leavenworth that are misleading to the public. *See id*. at ¶ 5. Consumers, the press, and the general public are confused as to the geographic location of the two Oktoberfests. *See* ECF No. 11 at ¶ 14; Voos, ¶ 4, Ex. B; Vodde, ¶ 5, Ex. C.

### III.  LAW AND ARGUMENT

**A. PBA's trademark registration does not authorize PBA's deceptive use of "Leavenworth".**

**1.    Trademark registration does not shield a user from liability for deceptive use, nor forbid a court from enjoining such use.**

PBA argues that because it obtained a federal trademark registration for "Leavenworth Oktoberfest" (based on a claim of past use of the mark to promote an event in Leavenworth), it now has carte blanche to use the mark in a deceptively geographically misdescriptive manner: to promote its event in Wenatchee. *See* ECF No. 15 at 5. Marks that are deceptively geographically misdescriptive, however, are never registrable and may not acquire secondary meaning (*see In re Wada*, 194 F.3d 1297, 1301 (Fed. Cir. 1999)), thus registration provides no shield from liability for false designation where deception is shown.

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

PBA argues that a movant for injunctive relief must overcome the presumption of a trademark registrant's "registration, ownership or right to use the mark," relying on *Zamfir v. Casperlabs, LLC*, 528 F. Supp. 3d 1136, 1146 (S.D. Cal. Mar. 26, 2021). But in fact, the *Zamfir* decision implies that the court's reasoning would change if, as here, the movant had shown that the challenged use was "deceptive or misleading; that is … wrongful in some way." *Id.* at 1148. This is consistent with decades-long precedent in enforcement of the Federal Trade Commission Act. *See, e.g., FTC v. Winsted Hosiery Co.*, 258 U.S. 483, 493-94 (1922) (mark that had developed secondary meaning still not protectable if its use deceives the public); *FTC v. Kay*, 35 F.2d 160, 162 (7th Cir. 1929) ("Assuming that respondent has registered his trade-mark as above indicated, the test of his methods of competition is, not whether a trade-mark may have been registered, but whether his methods falls within the condemnation of the Federal Trade Commission Act," namely unfair competition due to deceptive use of "Kay-Radium" where the goods did not contain radium); *see also, K-Swiss, Inc. v. Swiss Army Brands, Inc.*, 58 U.S.P.Q.2d 1540, 1543 (TTAB 2001) ("if a registrant, through its own actions, causes its mark to become geographically deceptive subsequent to the issuance of the registration" the mark cannot benefit from the incontestability doctrine because the mark owner is deceiving the public).

Contrary to PBA's assertion, *Zamfir* does not support the proposition that every movant for preliminary relief must invalidate a trademark registration to show likelihood of success; the decision explicitly states, "the effect of a defendant's registered trademark, and its evidentiary significance, in a false designation case is unclear from existing case law." *Zamfir*, 528 F. Supp. 3d. at 1146-47. *Zamfir* holds only that the movant in that case

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 4

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

did not establish likelihood of success on the merits under the facts shown. *See id.* at 1145.

Thus, the City has not asked this Court to examine the invalidity of the trademark registration at this stage, because the Court does not need to undertake that examination. PBA's use of "Leavenworth" in association with "Oktoberfest" is deceptively geographically misdescriptive, and deceptively geographically misdescriptive marks are not entitled to registration. *See, In re Wada*, 194 F.3d at 1301. PBA concedes "the geographic source of [its] services is Wenatchee." *See,* ECF No. 15 at 7. But by the circumstances of its registration under section 2(f), PBA cannot deny that the "Leavenworth Oktoberfest" trademark is inherently geographically descriptive of Leavenworth. *See, Yamaha Int'l Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, 1577 (Fed. Cir. 1988) (reliance on 2(f) acts as a concession the mark is merely descriptive). PBA's own conduct has caused any presumption it may have had in its registration to be irrelevant for this proceeding. *See, K-Swiss,* 58 U.S.P.Q.2d at 1543.

If this Court finds that the City is likely to succeed on the merits of its claim, namely that PBA's use of "Leavenworth Oktoberfest" deceives consumers into believing PBA's Oktoberfest event is connected with the City, PBA's trademark registration is irrelevant as no amount of evidence can cure a primarily geographically deceptively misdescriptive mark into one that is registrable. *See, In re Wada*, 194 F.3d at 1301 ("primarily geographically deceptively misdescriptive marks [are] precluded from registration under all circumstances, even with a showing of secondary meaning"). And the City is likely to succeed. *See* ECF No. 9 at 4-9.

  **2. PBA has not disputed the significant consumer confusion caused by its deceptive use**

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

The City's motion catalogs the widespread confusion among the public created by PBA's deceptive use of "Leavenworth" to promote its Wenatchee Event. The confusion is ongoing: since the filing of the motion the City has fielded complaints from people who bought tickets to the PBA event only to learn that it is not taking place in Leavenworth's Bavarian-themed environment, but at the Toyota Town Center in Wenatchee. *See, e.g.,* Voos, ¶ 4, Ex. B; ECF No. 12 at ¶ 13; ECF No. 11 at ¶¶ 11-14. But nowhere in its Response does PBA refute the substantial evidence of actual confusion.

**B. <u>Consumers are confused, and their initial interest in Leavenworth is diverted away by PBA's deceptive use.</u>**

    **1.    PBA ignores the Ninth Circuit Doctrine of initial interest confusion**

A primary concern of the Lanham Act is protecting consumers from confusion. PBA pretends that the confusion inquiry does not begin until a patron has arrived at the Wenatchee Event, advancing this remarkable argument: "[t]here is [] zero risk of consumer confusion. Every patron of LEAVENWORTH OKTOBERFEST will know they are in Wenatchee, and that the geographic source of the services is Wenatchee." ECF No. 15 at 9-10. The multiple instances of actual confusion belie this claim of "zero risk." Moreover, under Ninth Circuit precedent, no "actual sale" needs to be completed to show likelihood of confusion; instead, misuse of a mark "to capture initial consumer attention" is actionable. *See, Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1405 (9th Cir. 1997); *see also, Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

F.3d 1036, 1063 (9th Cir. 1999) ("diversion of consumers' initial interest is a form of confusion against which the Lanham Act protects").

The doctrine of initial interest confusion recognizes the obvious, that once a patron has arrived at the Wenatchee Event, "[c]ustomers are not confused in the narrow sense: they are fully aware that they are purchasing from [PBA's Wenatchee Event] and they have no reason to believe that" they are in Leavenworth. *See, Brookfield Commc'ns,* 174 F.3d at 1064. "Nevertheless, the fact that there is only initial consumer confusion does not alter the fact that [PBA's use of "Leavenworth" to promote its Wenatchee Event] would be misappropriating [Leavenworth's] acquired goodwill." *See id*. The confusion engendered by PBA's deceptive use of "Leavenworth" wrongly captures goodwill accruing to Leavenworth by virtue of its Old World Bavarian theme and its long history of hosting the Leavenworth Oktoberfest.

PBA's effort to wave away the substantial likelihood of initial interest confusion, and its assertion of "zero risk," is inconsistent with Ninth Circuit precedent that protects consumers from confusion at the point of their initial interest.

### 2.  Likelihood of confusion at Wenatchee Event

PBA cites *In re Les Halles De Paris J.V.*, 334 F.3d 1371, 1374 (Fed. Cir. 2003) to argue that customers arriving at a location will not be confused as to the situs of the services, concluding that therefore consumer confusion cannot exist. ECF No. 15 at 10. But consumer confusion can arise even under those circumstances. For example, even festival-goers who know PBA's event will take place in Wenatchee are likely to believe that the City of Leavenworth has approved or endorsed the event. They are likely to wrongly conclude that the PBA activities in Wenatchee are a part of or associated with

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

activities sponsored by the City, in Leavenworth, 26 miles away. The *Les Halles De Paris* opinion itself cautions against deceptive geographic misdescription: the Federal Circuit, remanding to the Trademark Trial and Appeal Board, called for consideration of the association between services and place, stating "the PTO might find a services-place association if the record shows that patrons, though sitting in New York, would believe the food served by the restaurant was imported from Paris, or that the chefs in New York received specialized training in the region of Paris, or that the New York menu is identical to a known Parisian menu, or some other heightened association between the services and the relevant place." *In re Les Halles De Paris J.V.*, 334 F.3d at 1374.

This illustrates that the Court should consider the strong association in the minds of consumers between the services ("Leavenworth Oktoberfest") and the place (City of Leavenworth). PBA does not dispute, and in fact PBA's own evidence establishes, that Leavenworth is widely known for its "Old World Bavarian theme." *See* ECF No. 17 at ¶ 2; ECF No. 16 at ¶ 3. PBA even asserts it was "formed to promote" the City's theme. *See id.*; *cf.* Vodde, ¶¶ 7-8. There is certainly a services-place association between the festival services that have been offered in Leavenworth and the City of Leavenworth itself. As set forth above, by the terms of its trademark registration PBA cannot deny that "Leavenworth" describes the City of Leavenworth. *See Yamaha Int'l Corp.*, 840 F.2d at 1577. PBA cannot overcome the likelihood of confusion even among patrons who have actually traveled to Wenatchee and entered the Wenatchee Event.

This is a case of both traditional confusion and initial interest confusion. Consumers are likely to be confused, and indeed are actually confused, as to association.

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 8

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

**C. PBA's continuing statements deceive the public.**

PBA's argument that stating "There is no Oktoberfest in Leavenworth" was true when made is hardly credible. Citing hearsay from a third-party "that the Chamber of Commerce was failing to organize a fall festival," PBA attempts to justify its falsehood, all the while admitting that it participated in the RFP process for an Oktoberfest in Leavenworth and sent cease and desist letters concerning the Chamber's use of "BAVARIAFEST" and the City's use of "LEAVENWORTH OKTOBERFEST." *See* ECF No. 17 at ¶¶ 16, 17, 24; ECF No. 10-8; ECF No. 12 at 19-20; *cf.* ECF No. 15 at 11 (interpreting the sworn statement the "Chamber of Commerce was failing to organize" to be "nothing was happening with the City's event"). And PBA tries to distinguish between an "Oktoberfest" and a "Fall Event." *See* ECF No. 15 at 11. Given the definition of "Oktoberfest," this further strains credulity. *See* Vodde, ¶ 6, Ex. D, 32.

Notable is that, despite acknowledging its awareness of the City's July 11, 2022 announcement, PBA only removed the false post after the City requested it, and even then only during a September negotiation for a hearing date relative to the present motion. *See* ECF No. 15 at 11-12; *see also* Vodde, ¶¶ 2-4, Exs. A-B. And while PBA claims, "the City is free to publicize its event as long as it does not infringe Projekt Bayern's intellectual property rights," PBA previously sent a cease and desist letter to the Chamber of Commerce concerning the Chamber's intended use of "BAVARIAFEST," claiming such use was "illegal under the Lanham Act" and demanding the Chamber "discontinue [its] use of Bavariafest or any name(s) that is identical to and/or confusingly similar to Projekt Bayern's registered trademark." *See* ECF No. 12 at 19-20. PBA has a broad view of its rights, even claiming exclusive use of the City's actual name. Enjoining PBA from use of

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 9

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1  "Leavenworth" is appropriate, given PBA's false statements, past conduct, and ongoing
2  communications to the public. *See, e.g.,* Vodde, ¶ 5, Ex. C.

3  **D. The City did not delay its request for injunctive relief**

4  On July 26, 2022, the City sent PBA a letter demanding PBA abandon its trademark registration in LEAVENWORTH OKTOBERFEST and cease and desist from using "Leavenworth" in its marketing activities that were not associated with the City of Leavenworth. Vodde, ¶ 9, Ex. H. The City's complaint explicitly requests relief in the form of a preliminary injunction. ECF No. 1 at 23. The City informed PBA of its impending motion for preliminary injunction and suggested an expedited hearing date, but PBA demurred. Vodde, ¶¶ 2-4, Exs. A-B. The City has not delayed in its request for injunctive relief.

## IV. CONCLUSION

An order enjoining PBA from using "Leavenworth" to promote activities not occurring in Leavenworth is necessary to protect the public and the City from ongoing confusion over the geographic location of PBA's event. PBA should additionally be enjoined from any advertising or promotional communications, including without limitation social media postings, that state or imply that no Oktoberfest activities will occur in Leavenworth, or that misrepresent the nature of such activities.

Respectfully submitted, this 16th day of September, 2022.

*/s/ Robert J. Carlson*
Robert J. Carlson, WSBA#18455
Lee & Hayes, P.C.
One Convention Place
701 Pike Street, Ste. 1600
Seattle, WA 98101
Phone: (206) 315-4001

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 10

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Fax (206) 315-4004
Email:  bob@leehayes.com

Rhett V. Barney, WSBA #44764
Lee & Hayes, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: rhettb@leehayes.com

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
FOR PRELIMINARY INJUNCTION - 11

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

                    /s/ Robert J. Carlson
                    Robert J. Carlson, WSBA#18455
                    Lee & Hayes, P.C.
                    One Convention Place
                    701 Pike Street, Ste. 1600
                    Seattle, WA 98101
                    Phone: (206) 315-4001
                    Fax (206) 315-4004
                    Email:  bob@leehayes.com

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION - 12

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979