UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF LEAVENWORTH, a Washington municipal corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation,<br><br>　　　　　　　　　　Defendant. | NO. 2:22-CV-0174-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM |

BEFORE THE COURT are Plaintiff's Motion for Preliminary Injunction (ECF No. 9) and Plaintiff's Motion to Dismiss Defendant's Counterclaim (ECF No. 14). Plaintiff's Motion for Preliminary Injunction was submitted for consideration with oral argument. Robert J. Carlson appeared on behalf of Plaintiff. James Breitenbucher appeared on behalf of Defendant. The Court has reviewed the record and files herein, considered the parties' oral arguments, and is fully informed. For the reasons discussed below, Plaintiff's Motion for

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM~ 1

Preliminary Injunction (ECF No. 9) is **DENIED** and Plaintiff's Motion to Dismiss Defendant's Counterclaim (ECF No. 14) is **DENIED as moot**.

## BACKGROUND

This matter relates to two Oktoberfest celebrations occurring in the Fall of 2022, one being organized by Plaintiff City of Leavenworth ("Plaintiff") in Leavenworth, Washington, and the other being organized by Defendant Projekt Bayern Association ("Defendant") in Wenatchee, Washington. ECF No. 1. Prior to this litigation, Plaintiff and Defendant had a contractual relationship to host and organize an annual Oktoberfest celebration in Leavenworth, Washington. *Id*. at 3, ¶ 8, at 4, ¶¶ 15–16. Although the annual Leavenworth celebration itself dates back to approximately 1998, the parties' contractual relationship dates back only to 2012. *Id*. at ¶ 15.

In September 2012, the parties entered a lease agreement wherein Plaintiff leased a warehouse in Leavenworth to Defendant for the annual Oktoberfest celebration. *Id*. at ¶ 16. The original contract was enforceable for five years, with automatic renewals of the five-year term, unless either party gave notice of termination at least one year prior to the expiration of the original contract or subsequent renewal term. *Id*. at ¶ 18. At the end of the first five-year period, the contract was renewed. *Id*. at ¶ 19. On March 23, 2021, Plaintiff sent Defendant written notice that it was terminating the contract, such that Defendant's last use of

1  the warehouse for the Oktoberfest celebration in Leavenworth would occur in the
2  Fall of 2021.  ECF No. 9 at 6.
3        Shortly thereafter, Plaintiff issued a public request for proposals to look for a
4  new vendor to help organize future Oktoberfest celebrations in Leavenworth.  ECF
5  No. 1 at 8, ¶ 40.  Defendant submitted two proposals but was not selected.  *Id*. at 9,
6  ¶ 43.  Plaintiff selected a different Washington-based vendor and announced the
7  partnership in a press release dated October 7, 2021.  ECF No. 10-6.  The October
8  2021 press release referred to the upcoming October 2022 event as a "yet unnamed
9  October 2022 festival" and included statements that the festival would feature beer
10 but stopped short of titling the event an Oktoberfest for reasons that are unclear.
11 *Id*.  The new vendor later withdrew its bid to organize the event, citing a cease-
12 and-desist letter it received from Defendant in April 2022.  ECF No. 1 at 9–10, ¶¶
13 49–51.  Defendant sent Plaintiff a similar letter.  *Id*. at 9, ¶ 50.
14       The cease-and-desist letters related to Defendant's federally registered
15 trademark, "LEAVENWORTH OKTOBERFEST."  *Id*. at 10, ¶ 53.  The letters
16 stated Defendant owned the exclusive rights to use LEAVENWORTH
17 OKTOBERFEST and was prepared to take legal action against those using the
18 mark unlawfully, including Plaintiff and the third-party vendor.  ECF Nos. 10-7;
19 10-8.  Defendant applied for the mark in April 2016, without Plaintiff's
20 knowledge.  ECF No. 1 at 5, ¶ 20.  The registration was ultimately approved for

use in association with goods and services on July 11, 2017. *Id*. at 6, ¶ 27. The parties are involved in litigation before the U.S. Patent and Trademark Office regarding the validity of Defendant's mark, but the matter is stayed pending resolution of this litigation.[1] ECF No. 27.

On July 6, 2022, Defendant made a post to its Facebook page used for advertising its Oktoberfest event, stating "[t]here is no Oktoberfest in leavenworth [sic]. I repeat there is no Oktoberfest in Leavenworth this year." ECF No. 1 at 10, ¶ 54. On July 11, 2022, Plaintiff issued another press release announcing details for its October 2022 event, this time referring to the event as "Oktoberfest 2022" and specifying it was a separate event from the Oktoberfest taking place in Wenatchee. ECF No. 11-9. Plaintiff filed the Complaint instituting this litigation on July 20, 2022. ECF No. 1. The present motion was filed on August 26, 2022. ECF No. 9. While negotiating a court hearing date for this motion, Plaintiff requested Defendant remove the July 6, 2022 Facebook post and any other references made by Defendant that was Plaintiff "lying" to consumers. ECF No. 19 at 10–11. Defendant agreed to and did remove the posts. *Id*. at 11.

---

[1] Plaintiff seeks a declaration from this Court that Defendant's mark is invalid and unenforceable, but the Court does not find the parties have adequately briefed the facts necessary to make such a determination at this time.

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM~ 4

# DISCUSSION

## I.   Preliminary Injunction

Although Plaintiff's Complaint alleges several state and federal causes of action, three are relevant for the present motion: false advertising in violation of the Lanham Act, false association/designation in violation of the Lanham Act, and unfair or deceptive practices in violation of the Washington Consumer Protection Act. ECF No. 1 at 13–15, ¶¶ 73–86, at 17–19, ¶¶ 104–114, at 19–21, ¶¶ 120–131.

To obtain preliminary injunctive relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of one element may offset a weaker showing of another."); *see also Farris v.*

*Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (internal quotation marks and citation omitted)).

### A. Likelihood of Success on the Merits

To obtain injunctive relief, Plaintiff must show that there are "serious questions going to the merits" of its claims or that it is likely to succeed on the merits. *Cottrell*, 632 F.3d at 1131; *Farris*, 677 F.3d at 865.

#### 1. *False Advertising*

Plaintiff alleges Defendant falsely stated on its Facebook page used for advertising that there would be no Oktoberfest celebration in Leavenworth in 2022 and that Plaintiff was lying to visitors about holding an Oktoberfest celebration. ECF No. 9 at 9. Defendant argues Plaintiff cannot succeed on its false advertising claim because the allegedly false statements appeared to be true at the time Defendant made them and have since been deleted. ECF No. 15 at 11.

To succeed on a false advertising claim, a plaintiff must show (1) the defendant made a false statement of fact in commercial advertising about its own or another's product, (2) the statement actually deceived or has the tendency to

deceive a substantial segment of its audience, (3) the falsity is material in that it is likely to influence a consumer's purchasing decision, (4) the defendant caused the false statement to enter interstate commerce, and (5) the plaintiff has been or is likely to be injured by the false statement, either by diversion of sales from itself to the defendant or by reducing the goodwill associated with the plaintiff's products. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

The false statements at issue here were made by Defendant on July 6, 2022, and appeared on Defendant's Facebook page, which is used to promote its 2022 Oktoberfest celebration in Wenatchee. ECF No. 9 at 9. Defendant removed the posting sometime in late August at Plaintiff's request. ECF No. 18 at 13. It does not appear from the parties' briefing that Plaintiff requested the posting be removed prior to August 2022. *See* ECF No. 19 at 10–14. At oral argument, Plaintiff asserted the false statements still appear on Facebook because a consumer has repeated Defendant's original comments verbatim. Defendant responded that it removed the original comment as requested by Plaintiff, and it should not be held responsible for all consumers' posts that appear on Facebook.

The Court agrees. To be held liable for making false statements, the statements must be made by the *defendant*. *See Southland Sod Farms*, 108 F.3d at 1139. Defendant removed the offending statements, and it does not appear there are any other allegedly false statements at issue. Accordingly, the Court need not

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM~ 7

1  reach the *Southland* factors as applied to the July 6, 2022 Facebook post, as there

2  are no longer any false statements made by Defendant to enjoin.  The Court finds

3  Plaintiff unlikely to succeed on the merits of its false advertising claim, nor are

4  there serious questions going to the merits of the claim, where the allegedly false

5  statements no longer exist.

6            *2. False Association/Designation*

7        Plaintiff alleges Defendant's use of the term "Leavenworth" in its

8  advertising and promotion of the Oktoberfest event in Wenatchee is deceptive and

9  confusing to consumers.  ECF No. 9 at 11.  Defendant argues Plaintiff cannot

10 succeed on the merits of its claim because Defendant owns the federally registered

11 trademark, LEAVENWORTH OKTOBERFEST, and the name has evolved to

12 become a brand identifier beyond a mere geographic description of the event.  ECF

13 No. 15 at 8.  At oral argument, Plaintiff asserted that even if Defendant owns the

14 trademark, it is still being used in a geographically misdescriptive manner and is,

15 therefore, subject to cancellation.

16       To succeed on a false designation of origin claim, a plaintiff must

17 demonstrate (1) the defendant used a designation or false designation of origin, (2)

18 the use occurred in interstate commerce, (3) the use was in connection to goods or

19 services, (4) the designation or false designation is likely to cause confusion,

20 mistake, or deception as to the affiliation of the defendant with another person or

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION AND MOTION TO DISMISS DEFENDANT'S
COUNTERCLAIM~ 8

1  as to the origin, sponsorship, or approval of the defendant's goods or services, and

2  (5) the plaintiff has been or is likely to be harmed. *Zamfir v. Casperlabs, LLC*, 528

3  F. Supp. 3d 1136, 1143 (S.D. Cal. 2021) (citations and quotations omitted). A

4  claim for false designation of origin requires proof of the same elements as a claim

5  for trademark infringement. *Monster Energy Company v. BeastUp LLC*, 395 F.

6  Supp. 1334, 1350 (E.D. Cal. 2019) (citing *Brookfield Commc'ns, Inc. v. W. Coast*

7  *Entm't Corp.*, 174 F.3d 1036, 1046 n.6 (9th Cir. 1999)). Therefore, courts may

8  look to the *Sleekcraft* factors in their analysis. *Obesity Research Institute, LLC v.*

9  *Fiber Research International, LLC*, 165 F. Supp. 3d 937, 950 (S.D. Cal. 2016)

10  (citing *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979),

11  *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d

12  792, 810 n.19 (9th Cir. 2003)).

13       The parties' dispute presents somewhat of an unusual situation. It is

14  undisputed that Defendant is the owner of the federally registered trademark,

15  LEAVENWORTH OKTOBERFEST. ECF Nos. 9 at 8; 15 at 8. The registration

16  was acquired in 2017 while Defendant's event was still held annually in the City of

17  Leavenworth, as it had been for many years. ECF No. 17 at 2, ¶¶ 5–6. Defendant

18  argues that because its mark was required to show secondary meaning or acquired

19  distinctiveness to obtain federal registration for a geographically descriptive mark,

20  the mark has evolved from a term describing the location of an event to a brand

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION AND MOTION TO DISMISS DEFENDANT'S
COUNTERCLAIM~ 9

offering services. ECF No. 15 at 8. Plaintiff argues that even if the mark is currently valid and registered, it is now being used in a "deceptively geographically misdescriptive" manner because the circumstances under which Defendant's mark was registered have changed, *i.e.*, Defendant's event is no longer held in Leavenworth. ECF No. 18 at 7.

Both parties cite to *Zamfir v. Casperlabs*, LLC, 528 F. Supp. 3d 1136 (S.D. Cal. 2021), which addressed a similar situation. In that case, the parties entered a licensing agreement that permitted the defendant to use the name "Casper" and its related image, which had been adopted by Plaintiff several years prior. *Id*. at 1141. The licensing agreement was later terminated. *Id*. Shortly thereafter, the defendant obtained a federal trademark registration for the name CASPER. *Id*. at 1142. The plaintiff alleged the defendant's use of the mark caused confusion among consumers and presented evidence that some consumers believed the plaintiff was associated with the defendant's products. *Id*. at 1144.

In its analysis, the court first addressed the *Sleekcraft* likelihood of confusion factors, finding the plaintiff had shown some likelihood of success on the confusion element but that the evidence was not decisive, particularly because some of the confusion may have stemmed from the plaintiff's past affiliation with the defendant. *Id*. at 1145. The court then addressed the existence of the defendant's federal registration of the mark and its effect on Plaintiff's ability to

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM~ 10

succeed on its false designation claim, ultimately concluding:

> Plaintiff would only be likely to succeed on his false designation of origin claim were he to overcome Defendant's prima facie evidence that it has the right to use the mark, whether by showing that the mark was fraudulently registered, that Plaintiff is the owner of the mark, or otherwise demonstrating the trademark registration is invalid or that Defendant lacks the right to use the trademark.

*Id*. at 1149.

Here, without deciding whether Plaintiff is likely to succeed on the merits of the confusion element, the Court acknowledges Plaintiff submitted considerable evidence demonstrating confusion among consumers as to the relationship between Plaintiff and Defendant and the two separate Oktoberfest events. *See, e.g.*, ECF Nos. 10-12, 11-2, 11-3. However, like the plaintiff in *Zamfir*, some of that confusion may stem from Plaintiff's past long-term affiliation with Defendant. Additionally, at this stage in the litigation, Plaintiff has not provided evidence that the mark is invalid, was fraudulently registered, or that Defendant lacks the right to use the mark. As such, Plaintiff has failed to rebut Defendant's prima facie evidence that it has the right to use the mark. The Court finds Plaintiff has not established a likelihood of success on the merits of its false designation claim at this stage in the litigation, nor are there serious questions going to the merits of that claim.

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM~ 11

      *3. Washington Consumer Protection Act*

Plaintiff alleges Defendant violated the Washington Consumer Protection Act ("CPA") by making false statements that there would not be an Oktoberfest celebration in Leavenworth in 2022 and by causing confusion among consumers through the use of the mark, LEAVENWORTH OKTOBERFEST, to promote its event that is taking place in Wenatchee. ECF Nos. 9 at 12–13; 1 at 20, ¶ 126. Plaintiff's state law CPA claim essentially ties together its federal false advertising and false designation claims. ECF No. 1 at 19–21, ¶¶ 120–131. Having determined Plaintiff failed to establish a likelihood of success on the merits of its false advertising and false designation claims, the Court finds Plaintiff is unlikely to succeed on the CPA claim premised on the same facts and evidence presently before the Court.

**B. Irreparable Harm**

Plaintiff argues it will suffer irreparable harm in the form of lost Oktoberfest visitors and reputational damage. ECF No. 9 at 13. A plaintiff seeking injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such

1  relief." *Id.* "Irreparable harm is traditionally defined as harm for which there is no

2  adequate legal remedy, such as an award of damages." *Arizona Dream Act*

3  *Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

4      Plaintiff has not submitted sufficient evidence to establish the likelihood of

5  irreparable harm. As previously discussed, the allegedly false statements upon

6  which the potential reputational harm seem to rest have been removed or were not

7  made by Defendant, and Plaintiff does not allege Defendant continues to make

8  false statements. Moreover, Plaintiff's argument that the angry reactions of some

9  consumers' is indicative that those consumers will ultimately not attend Plaintiff's

10 2022 Oktoberfest event, or future events, is purely speculative. Plaintiff has not

11 submitted evidence from local businesses demonstrating actual canceled

12 reservations or reduced booking numbers, or any other evidence from which the

13 Court could infer a likelihood of irreparable harm. Finally, Plaintiff's dilatory

14 filing "implies a lack of urgency and irreparable harm." *Oakland Trib., Inc. v.*

15 *Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985). Plaintiff waited ten months

16 after Defendant's Facebook announcement about moving the Oktoberfest event to

17 Wenatchee before filing the present motion. The Court finds Plaintiff has not

18 carried its burden to demonstrate a likelihood of irreparable harm absent a

19 preliminary injunction.

20

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION AND MOTION TO DISMISS DEFENDANT'S
COUNTERCLAIM~ 13

### C. Balancing of Equities and Public Interest

Because the record does not support a finding that Plaintiff is likely to succeed on the merits of its claims or is likely to suffer irreparable harm, the Court need not address the balancing of equities or public interest. *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013); *Comphy Company v. Amazon.com, Inc.*, 371 F. Supp. 3d 914, 929 (W.D. Wash. 2019).

## II. Motion to Dismiss Defendant's Counterclaim

On August 31, 2022, Plaintiff filed a Motion to Dismiss Defendant's Counterclaim. ECF No. 14. In response, Defendant timely filed an Amended Counterclaim on September 21, 2022. ECF No. 21. As such, Plaintiff's Motion to Dismiss (ECF No. 14) is denied as moot. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'"); *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("[A]n issue is moot when deciding it would have no effect within the confines of the case itself.").

//

//

//
ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM~ 14

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (ECF No. 9) is **DENIED**.

2. Plaintiff's Motion to Dismiss Defendant's Counterclaim (ECF No. 14) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED September 28, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM~ 15