RHETT V. BARNEY, WSBA #44764
ETHAN B. VODDE, WSBA #55400
JOHANNA TOMLINSON, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256; Fax: (509) 323-8979

ROBERT J. CARLSON, WSBA#18455
LEE & HAYES, P.C.
One Convention Place
701 Pike Street, Ste. 1600
Seattle, WA 98101
Phone: (206) 315-4001; Fax (206) 315-4004

*Counsel for Plaintiff City of Leavenworth*

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF LEAVENWORTH, a Washington municipal corporation, <br><br> Plaintiff, <br><br> v. <br><br> PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation, <br><br> Defendant. | No. 2:22-cv-00174-TOR <br><br> **PLAINTIFF'S MOTION TO DISMISS DEFENDANT PROJEKT BAYERN ASSOCIATION'S AMENDED COUNTERCLAIMS** <br><br> November 4, 2022 <br> Without Oral Argument |
| PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> LEAVENWORTH CHAMBER OF COMMERCE, a Washington nonprofit corporation, <br><br> Third-Party Defendant. | |

PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S AMENDED COUNTERCLAIMS

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................1

II. LAW AND ARGUMENT .......................................................3

   A.    Standard of Review ......................................................3

   B.    Argument ......................................................................4

       1.    PBA's counterclaims sound in tort and are barred ...............................4

       2.    The City's activities are fair use as a matter of law ...............................5

       3.    No plausible claim of secondary liability...............................7

III. CONCLUSION .....................................................................8

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................4

*Benabou v. Cheo*,
  No. 2:19-cv-04619-R-SS, 2019 U.S. Dist. LEXIS 227927 (C.D. Cal.
  Nov. 8, 2019) ........................................................................................5

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
  539 U.S. 23 (2003)..................................................................................8

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
  11 F.3d 1460 (9th Cir. 1993) .............................................................6, 7

*FreecycleSunnyvale v. Freecycle Network, Inc.*,
  No. C 06-00324 CW, 2006 U.S. Dist. LEXIS 54374 (N.D. Cal. July 25,
  2006) ......................................................................................................9

*Gibson Brands, Inc. v. Viacom Int'l, Inc.*,
  640 F. App'x 677 (9th Cir. 2016) ..........................................................9

*Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*,
  4 F.3d 819 (9th Cir. 1993) .....................................................................8

*Liberty Ammunition, Inc. v. United States*,
  101 Fed. Cl. 581 (2011) .........................................................................6

*Nutrition Distrib. LLC v. Juggernaut Nutrition LLC*,
  No. CV-18-00762-PHX-JAT, 2018 U.S. Dist. LEXIS 157527 (D. Ariz.
  Sept. 14, 2018) ......................................................................................6

*Philips N. Am., LLC v. Summit Imaging Inc.*,
  No. C19-1745JLR, 2020 U.S. Dist. LEXIS 55073 (W.D. Wash. Mar.
  30, 2020) ...............................................................................................9

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

*Threshold Enters. Ltd. v. Pressed Juicery, Inc.*,
    445 F. Supp. 3d 139 (N.D. Cal. 2020) ..................................................7

*Wilson v. City of Seattle*,
    122 Wn. 2d 814 (1993) (Madsen, J., *dissenting*)..................................6

**Statutes**

15 U.S.C. § 1065 ............................................................................................5

15 U.S.C. § 1114 ............................................................................................5

15 U.S.C. § 1125(a) ................................................................................*passim*

RCW 4.96.010................................................................................................2, 6

Washington Consumer Protection Act ............................................................2, 6, 9

**Other Authorities**

56 Am. Jur 2d. *Municipal Corporations, Counties, and Other Political
    Subdivisions* § 686 (1971)..............................................................6

17 E. McQuillin, *Municipal Corporations* § 48.02 (3d ed. 1993)...........................6

Fed. R. Civ. P. 12(b)(6).................................................................................2, 4

Restatement (Third) of Unfair Competition § 28 .....................................................7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Defendant or PBA | Defendant Projekt Bayern Association |
| The City | Plaintiff City of Leavenworth, Washington |

PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S AMENDED COUNTERCLAIMS - iv

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Plaintiff City of Leavenworth (the "City"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Defendant Projekt Bayern Association's ("PBA") counterclaims against the City: Counts I, III, and V. Taken as true, the Counterclaims fail to plead the requisite facts or otherwise provide Plaintiff adequate notice for (a) Lanham Act false designation of origin and federal unfair competition; (b) common law unfair competition; and (c) violation of the Washington State Consumer Protection Act. Additionally, PBA's counterclaims are barred because PBA failed to comply with the notice provision of RCW 4.96.010.

## I.  INTRODUCTION

The City of Leavenworth has been the host of an annual Oktoberfest since at least 1998 through 2019. *See* Answer, ECF No. 4, at 2, ¶ 8. PBA asserts that the only relevant contractual relationship between the parties involved "a lease agreement, under which Projekt Bayern would lease space for its [services], which included the LEAVENWORTH OKTOBERFEST event." ECF No. 21, ¶ 17; *see id.*, ¶ 8. The City "terminated th[is] 2012 Agreement with Projekt Bayern by letter dated March 23, 2021." *Id.*, ¶ 24. Thereafter, PBA submitted a proposal to the City "to operate its LEAVENWORTH OKTOBERFEST event in 2022" and the City rejected that proposal. *Id.*, ¶ 26.

PBA then "made the decision" to host an event in Wenatchee, Washington. *Id.*, ¶ 28. PBA alleges the "[t]he Leavenworth Chamber of Commerce, in partnership with the City of Leavenworth, will provide" a Leavenworth-based Oktoberfest "in a geographic area that directly overlaps with the geographic area in which Projekt Bayern provides its LEAVENWORTH OKTOBERFEST event-related services." *Id.*, ¶ 34. PBA's allegations

PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S AMENDED COUNTERCLAIMS - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

of specific misconduct solely recite acts allegedly performed by the Leavenworth Chamber of Commerce,[1] then assert that the City and the Chamber have created a partnership. *See id.*, ¶ 69 , ¶ 115. PBA alleges "the City is either instructing or approving others" to engage in the acts complained of by PBA. *See id.* ¶¶ 70-71, ¶¶ 116-117.

Specifically, PBA complains that the Leavenworth Chamber of Commerce's use of "Oktoberfest returns to Leavenworth" and "Oktoberfest is back" trades off PBA's goodwill. *Id.*, ¶¶ 36-38. PBA further alleges that the Leavenworth Chamber of Commerce's advertising concerning "popular features used in Projekt Bayern's LEAVENWORTH OKTOBERFEST event" trades off PBA's goodwill. *Id.*, ¶ 40 (apparently contending that "longstanding traditions of music, dancing, and the ceremonial tapping of the kegs!" are services identifiable as originating with PBA and no other source). PBA complains that an advertisement with two sentences, one that ends in "Leavenworth" then a period before the second that begins with "Oktoberfest," "subconsciously bring 'LEAVENWORTH OKTOBERFEST' to the consumers' minds." *Id.*, ¶ 39. And PBA complains that the Leavenworth Chamber of Commerce's use of photographs depicting city streets of Leavenworth, "taken from an article posted by Wenatchee World, a member of the Chamber," somehow invades PBA's rights. *See id.*, ¶ 43.

PBA asserts the City is liable, contending the photo is being posted "at the City's

---

[1] Contrary to PBA's assertion, the City never "state[d] that the Chamber is responsible for the deceptive advertising practices mentioned in Projekt Bayern's Counterclaims." ECF No. 21, ¶ 60. The City only pointed out that PBA had not alleged any acts <u>by the City</u>. *See* ECF No. 14 at 11 ("PBA has not alleged deceptive marketing and advertising by the City. Instead, PBA alleges that a representative of the Leavenworth Chamber of Commerce posted 'Oktoberfest returns to Leavenworth.'").

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

direction and/or request" (ECF No. 21, ¶ 44), that "the City likely has influence over, or must approve of, the Chamber's marketing efforts" (*id.*), the City of Leavenworth "has promised to subsidize the Leavenworth Chamber of Commerce to cover expenses related to the 2022 Festival in Leavenworth" (*id.*, ¶ 45), and that "[t]he Chamber, and the City, whether jointly, as licensor-licensee, or as an agent of the other, is [*sic*] intentionally using the recognition and goodwill associated" with PBA (*id.*, ¶ 46). PBA does not explain what is being licensed.

## II.  LAW AND ARGUMENT

### A. <u>Standard of Review</u>

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege specific facts in support of each claim: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court sets forth a two-step approach for assessing the sufficiency of a complaint under Rule 12(b)(6). First, the court can identify and disregard conclusory allegations, which are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Next, the court should "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. A complaint must contain sufficient factual matter, if accepted as true, "to state a claim to relief that is plausible on its face." *Id*. at 697 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" only if the alleged facts would allow the court to draw a reasonable inference that the Plaintiff is liable for the misconduct alleged. *Id*. at 678 (citing *Twombly*, 550 U.S. at 557).

PBA obtained registration of the trademark LEAVENWORTH OKTOBERFEST

PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S AMENDED COUNTERCLAIMS - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

from the United States Patent and Trademark Office in 2017. Amended Counterclaim, ECF No. 21, ¶¶ 9-10. PBA's assertion that this registration "provides conclusive evidence of Projekt Bayern's exclusive right to use its LEAVENWORTH OKTOBERFEST Mark" *id.*, ¶ 11, is flatly contradicted by 15 U.S.C. § 1065(2): incontestability is not established if a "proceeding involving said rights [is] pending in the [USPTO] or in a court and not finally disposed of;" *see Benabou v. Cheo*, No. 2:19-cv-04619-R-SS, 2019 U.S. Dist. LEXIS 227927, at *12 (C.D. Cal. Nov. 8, 2019) ("Registration of a trademark is not conclusive evidence of its validity or of the registrant's ownership of the mark unless the right to use the registered mark has become incontestable under 15 U.S.C. § 1065, and even then, such conclusive evidence" is subject "to various defenses or defects, including" fraudulent procurement). The Court need not consider as true incorrect statements of law. Significantly, PBA does not assert a claim for infringement of any registered trademark, relying instead on common law rights. *See* 15 U.S.C. § 1114.

## B. <u>Argument</u>

PBA claims are each subject to dismissal for the following reasons: (1) they sound in tort and PBA did not comply with Washington State law in submitting these claims to the City; (2) they do not plead facts sufficient to make plausible the relevant causes of action; and (3) PBA fails to identify the secondary liability cause of action that would hold the City responsible for a third-party's activities. For these reasons, PBA's counterclaims must be dismissed.

### 1.    PBA's counterclaims sound in tort and are barred

PBA's counterclaims allege the City is liable for three torts: false designation of origin and unfair competition pursuant to Lanham Act section 43(a) (Count I), unfair

PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S AMENDED COUNTERCLAIMS - 4

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

competition under the common law (Count III), and a related violation of the Washington Consumer Protection Act (Count V). It is well settled that Lanham Act claims sound in tort. *Liberty Ammunition, Inc. v. United States*, 101 Fed. Cl. 581, 591 (2011) ("violations of the Lanham Act sound in tort"); *Nutrition Distrib. LLC v. Juggernaut Nutrition LLC*, No. CV-18-00762-PHX-JAT, 2018 U.S. Dist. LEXIS 157527, at *5 (D. Ariz. Sept. 14, 2018) ("Lanham Act claims sound in tort"). But contrary to RCW 4.96.010(1), PBA commenced these tort counterclaims without first presenting a claim to the City.

Washington law authorizes assertion of tort claims against local government entities. But "[f]iling a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages." *Id*., emphasis added. The statutory requirements exist to "protect a municipality from stale claims and give the municipality an opportunity to investigate the source of the claim when the evidence relating to it is fresh." *Wilson v. City of Seattle*, 122 Wn. 2d 814, 826 (1993) (Madsen, J., *dissenting*) (citing 17 E. McQuillin, *Municipal Corporations* § 48.02, at 71 (3d ed. 1993); 56 Am. Jur 2d. *Municipal Corporations, Counties, and Other Political Subdivisions* § 686, at 730 (1971)).

Because PBA has not complied with the statutory notice requirement, and thus has not met the condition precedent for any of the counterclaims asserted against the City, the counterclaims must be dismissed.

### 2. The City's activities are fair use as a matter of law

#### a. Use of Leavenworth Oktoberfest is descriptive

This Court may dismiss a trademark infringement claim at the motion to dismiss stage if the alleged use is fair use as a matter of law. *See, In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1467 (9th Cir. 1993). Specifically, the Lanham

PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S AMENDED COUNTERCLAIMS - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Act "allows use of another's mark where the use is 'otherwise than as a trade or service mark.'" *Id.* (affirming dismissal at motion to dismiss stage based on descriptive use).

Here, PBA complains only of the use of "Leavenworth Oktoberfest" otherwise than as a mark because it is a simple description of a fall festival occurring in Leavenworth. The term is used "'fairly and in good faith' to describe to users goods and services." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 155 (N.D. Cal. 2020).

Taking all factual allegations pleaded by PBA as true, the complained of uses of "Leavenworth" are clearly "descriptive, and there is no evidence from which an inference of bad faith could be drawn." *See In re Dual-Deck Video Cassette Recorder*, 11 F.3d at 1467. PBA is attempting to prohibit the City, indeed any person associated with Leavenworth, from using "Leavenworth" in its advertising of marketplace activity. This is contrary to the law and violates underlying policy. *See* Restatement (Third) of Unfair Competition § 28 cmt. a ("[t]rademark rights . . . extend only to the source significance that has been acquired by such terms, not to their original descriptive meanings"). "Leavenworth" is the name of Plaintiff, and the City, as well as the public associated with the City, may use it without concern they will violate PBA trademark rights.

### b.    No plausible cause of action under 15 U.S.C. § 1125(a)

Website use of a photograph taken on the city streets does not give rise to a plausible Lanham Act claim. The photo PBA complains of does not depict festival activity at the Fruit Warehouse Property; one can clearly see shops, city streets, and parked cars in city-provided parking spaces along the right of way. *See* ECF No. 21, ¶ 43. If the Court takes the allegations PBA makes as true, PBA was only granted a right to use the Fruit Warehouse Property "for 'its' LEAVENWORTH OKTOBERFEST event" and this photo

PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S AMENDED COUNTERCLAIMS - 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

does not depict said property. *See id.*, ¶ 20. Further, the ad copy PBA refers to clearly separates "In downtown Leavenworth" from "Oktoberfest is back!" as two distinct sentences. *See id.*, ¶ 39.

PBA appears to claim it owns rights in "longstanding traditions of music, dancing, and the ceremonial tapping of the kegs!" (*Id.*, ¶ 40). However, PBA does not plausibly allege that these services have acquired distinctiveness such that a consumer would view them and understand the services to be unique to PBA. *See Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 824 (9th Cir. 1993) (trade "dress is distinctive when it identifies the particular source of the product or distinguishes itself from other products"). Indeed, these are exactly the kinds of services associated with an "Oktoberfest," a generic term that PBA disclaimed. Having disclaimed "OKTOBERFEST" as generic, PBA cannot now claim ownership of the term or the concept, even if PBA were to claim it invented Oktoberfest keg-tapping. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003) (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), offers no protection "to the author of any idea, concept, or communication embodied in" goods or services). PBA has not pleaded a plausible claim of trade dress infringement under 15 U.S.C. § 1125(a).

This is the rare case where the facts, as pleaded, permit the Court to determine that the complained of acts are all, in fact, fair uses, and PBA's counterclaims should be dismissed.

### 3.    No plausible claim of secondary liability

PBA's pleading does not plausibly claim contributory trademark infringement or vicarious trademark infringement.

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

To succeed on a theory of contributory infringement, PBA "must allege that Plaintiff 'intentionally induced another to infringe its Marks.'" *FreecycleSunnyvale v. Freecycle Network, Inc.*, No. C 06-00324 CW, 2006 U.S. Dist. LEXIS 54374, at *11 (N.D. Cal. July 25, 2006). Allegations that do not allege inducement of intentional infringement are not sufficient to meet the contributory standard. *See id*. A party must also allege control of the secondarily liable party over the third party's means of infringement. *Gibson Brands, Inc. v. Viacom Int'l, Inc.*, 640 F. App'x 677, 677 (9th Cir. 2016). Likewise, vicarious liability requires allegations of a "relationship of 'control over the actual infringing activity.'" *See id.*

It is unclear as to which theory PBA is pursuing; PBA does not plead the requisite elements of either. Because it does not appropriately put Plaintiff on notice as to which theory of secondary liability applies, its Lanham Act and unfair competition claims must be dismissed. And because PBA's other claims are deficient, its Consumer Protection Act claim must also be dismissed. *See Philips N. Am., LLC v. Summit Imaging Inc.*, No. C19-1745JLR, 2020 U.S. Dist. LEXIS 55073, at *22 (W.D. Wash. Mar. 30, 2020).

### III.  CONCLUSION

Because all PBA's counterclaims sound in tort, PBA was obligated to provide the City with the statutory notice as a condition precedent to filing its claims. Because PBA has not met that condition precedent, its counterclaims are subject to dismissal.

PBA's claims are substantively deficient as well. It cites to fair uses of "Leavenworth," photos owned by others and depicting the city itself, and common phrases, and fails to put Plaintiff on notice as to its theory of secondary liability. All of PBA's counterclaims should be dismissed.

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1

2      Respectfully submitted, this 5th day of October, 2022.

3

4                                    */s/ Robert J. Carlson*

5                                    Robert J. Carlson, WSBA#18455
                                     Lee & Hayes, P.C.
                                     One Convention Place
6                                    701 Pike Street, Ste. 1600
                                     Seattle, WA 98101
7                                    Phone: (206) 315-4001
                                     Fax (206) 315-4004
8                                    Email:  bob@leehayes.com

9                                    Rhett V. Barney, WSBA #44764
                                     Ethan B. Vodde, WSBA #55400
10                                   Johanna Tomlinson, WSBA #57582
                                     Lee & Hayes, P.C.
11                                   601 W. Riverside Avenue, Suite 1400
                                     Spokane, WA 99201
12                                   Phone: (509) 324-9256
                                     Fax: (509) 323-8979
13                                   Emails: rhettb@leehayes.com
                                     ethan.vodde@leehayes.com
14                                   johanna.tomlinson@leehayes.com

15

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION TO DISMISS                    LEE & HAYES, P.C.
DEFENDANT'S AMENDED COUNTERCLAIMS - 9            601 West Riverside Avenue, Suite 1400
                                                 Spokane, Washington 99201
                                                 Telephone: (509) 324-9256 Fax: (509) 323-8979

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

/s/  Robert J. Carlson
Robert J. Carlson, WSBA#18455
Lee & Hayes, P.C.
One Convention Place
701 Pike Street, Ste. 1600
Seattle, WA 98101
Phone: (206) 315-4001
Fax (206) 315-4004
Email:  bob@leehayes.com

PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S AMENDED COUNTERCLAIMS - 10

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979