RHETT V. BARNEY, WSBA #44764
ETHAN B. VODDE, WSBA #55400
JOHANNA TOMLINSON, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979

ROBERT J. CARLSON, WSBA#18455
LEE & HAYES, P.C.
One Convention Place
701 Pike Street, Ste. 1600
Seattle, WA 98101
Phone: (206) 315-4001
Fax (206) 315-4004

*Counsel for Plaintiff City of Leavenworth and
Third Party Defendant Leavenworth Chamber of Commerce*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF LEAVENWORTH, a Washington municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation,<br><br>Defendant.<br><br>PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>LEAVENWORTH CHAMBER OF COMMERCE, a Washington nonprofit corporation,<br><br>Third-Party Defendant. | No. 2:22-cv-00174-TOR<br><br>**THIRD-PARTY DEFENDANT LEAVENWORTH CHAMBER OF COMMERCE'S MOTION TO DISMISS DEFENDANT / COUNTERCLAIMANT / THIRD PARTY PLAINTIFF PROJEKT BAYERN ASSOCIATION'S THIRD-PARTY COMPLAINT**<br><br>December 1, 2022<br>Without Oral Argument |

LEAVENWORTH CHAMBER OF COMMERCE'S MOTION TO DISMISS THIRD-PARTY COMPLAINT

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. LAW AND ARGUMENT ....................................................................................2

    A.    Standard of Review ......................................................................................2

    B.    Argument .....................................................................................................4

        1.    The Chamber's use of "Oktoberfest returns" and "Oktoberfest is back" are truthful statements using generic matter that are not actionable. ..............................................................................................5

        2.    The Wenatchee World's publication of its own photo is not use by the Chamber and is not actionable. .......................................................6

        3.    The Chamber's use of "Leavenworth" and "Oktoberfest" is fair and is not actionable. ...................................................................................8

        4.    PBA's allegations relative to its Oktoberfest trade dress is insufficiently pleaded. .................................................................................9

III. CONCLUSION ....................................................................................................10

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - i

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Albrecht v. Tkachenko*,
  No. 14-cv-05442-VC, 2015 U.S. Dist. LEXIS 32982 (N.D. Cal. Mar. 15, 2015) ................................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................3

*Benabou v. Cheo*,
  No. 2:19-cv-04619-R-SS, 2019 U.S. Dist. LEXIS 227927 (N.D. Cal. Nov. 8, 2019) ............................................................................................3

*Clicks Billiards Inc. v. Sixshooters Inc.*,
  251 F.3d 1252 (9th Cir. 2001) ..................................................................9

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
  539 U.S. 23 (2003) ..................................................................................10

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
  11 F.3d 1460 (9th Cir. 1993) ...............................................................4, 8

*Hensley Mfg., Inc. v. ProPride, Inc.*,
  579 F.3d 603 (6th Cir. 2009) ....................................................................4

*In re Hiromichi Wada*,
  194 F.3d 1297 (Fed. Cir. 1999) ................................................................5

*Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*,
  4 F.3d 819 (9th Cir. 1993) ..................................................................9, 10

*New Kids on the Block v. News Am. Publ'g, Inc.*,
  971 F.2d 302 (9th Cir. 1992) ........................................................4, 5, 6, 8

*One Indus., LLC v. Jim O'Neal Distrib., Inc.*,
  578 F.3d 1154 (9th Cir. 2009) ..................................................................9

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - ii

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

*Sleep Sci. Partners v. Lieberman*,
   No. 09-04200 CW, 2010 U.S. Dist. LEXIS 45385 (N.D. Cal. May 10,
   2010) ............................................................................................................. 9

*Sugarfina, Inc. v. Sweet Pete's LLC*,
   No. 17-cv-4456-RSWL-JEM, 2017 U.S. Dist. LEXIS 156711 (C.D. Cal.
   Sept. 25, 2017) ............................................................................................ 9

*Threshold Enters. Ltd. v. Pressed Juicery, Inc.*,
   445 F. Supp. 3d 139 (N.D. Cal. 2020) ................................................... 4, 6

**Statutes**

15 U.S.C. § 1056(a) ............................................................................................ 5

15 U.S.C. § 1065 ................................................................................................ 3

15 U.S.C. § 1114 ................................................................................................ 4

15 U.S.C. § 1115(b)(4) ....................................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1, 2, 3

Restatement (Third) of Unfair Competition § 28 ........................................... 5, 8

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - iii

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Third-Party Defendant Leavenworth Chamber of Commerce (the "Chamber"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Defendant Projekt Bayern Association's ("PBA") claims against the Chamber: Counts II, IV, and VI. Taken as true, the claims fail to plead the requisite facts or otherwise put the Chamber on notice required for (a) a claim under the Lanham Act for false designation of origin and federal unfair competition; (b) common law unfair competition; and (c) violation of the Washington State Consumer Protection Act.

## I. INTRODUCTION

The Chamber is a non-profit entity that supports businesses local to the city of Leavenworth. ECF No. 12, ¶ 2. It fully embraces the "Old-World" Bavarian theme of Leavenworth. *Id.*, ¶ 3. Leavenworth has been the situs of an annual Oktoberfest celebration for years. Declaration of Troy Campbell in Support of Chamber's Motion to Dismiss ("Campbell Decl."), ¶ 4. Supporting the Bavarian theme, the Chamber has supported local business involvement in these festivities. *Id.*, ¶ 5.

On September 21, 2022, the Chamber was served with a third-party complaint by Defendant and Third-Party Plaintiff Projekt Bayern Association ("PBA"). PBA asserts that it had a contractual relationship with the City of Leavenworth that involved "a lease agreement, under which Projekt Bayern would lease space for its [services], which included the LEAVENWORTH OKTOBERFEST event." ECF No. 21, ¶ 17.

PBA "made the decision" to host a 2022 event in Wenatchee, Washington. *Id.*, ¶ 28. PBA alleges the "[t]he Leavenworth Chamber of Commerce, in partnership with the City of Leavenworth, will provide" a Leavenworth-based Oktoberfest "in a geographic area that directly overlaps with the geographic area in which Projekt Bayern provides its

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

LEAVENWORTH OKTOBERFEST event-related services." *Id.*, ¶ 34. PBA's allegations of specific misconduct solely relate to acts alleged to have been performed by the Chamber (and by a third-party, the Wenatchee World), and that the City and the Chamber have created a partnership. *See id.*, ¶¶ 69, 115. PBA alleges "the City is either instructing or approving others" to engage in the acts complained of by PBA. *See id.*, ¶¶ 70-71, 116-117.

Specifically, PBA complains that the Leavenworth Chamber of Commerce's use of "Oktoberfest returns to Leavenworth" and "Oktoberfest is back" trades off PBA's goodwill. *Id.*, ¶¶ 36-38. PBA further alleges that the Leavenworth Chamber of Commerce's advertising concerning "popular features used in Projekt Bayern's LEAVENWORTH OKTOBERFEST event" trades off PBA's goodwill. *Id.*, ¶ 40 (citing "longstanding traditions of music, dancing, and the ceremonial tapping of the kegs!" as services identifiable solely as PBA's services, originating with PBA). PBA complains that an advertisement with two sentences, one that ends in "Leavenworth" and a period and the second that begins with "Oktoberfest," "subconsciously bring 'LEAVENWORTH OKTOBERFEST' to the consumers' minds." ECF No. 21, ¶ 39. And PBA complains that certain use of photographs depicting city streets of Leavenworth, "taken from an article posted by Wenatchee World, a member of the Chamber," infringes PBA's rights. *See id.*, ¶ 43.

## II.  LAW AND ARGUMENT

### A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege specific facts in support of each claim stated; "recitals of the elements of a cause

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion under Rule 12(b)(6), the Supreme Court's two-step approach for assessing the sufficiency of a complaint applies. First, the court can identify and disregard conclusory allegations, which are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the court can "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. A complaint must contain sufficient factual matter, if accepted as true, "to state a claim to relief that is plausible on its face." *Id.* at 697 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" only if the alleged facts would allow the court to draw a reasonable inference that the Plaintiff is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Notably, PBA was granted a registration of the trademark LEAVENWORTH OKTOBERFEST by the United States Patent and Trademark Office in 2017. ECF No. 21, ¶ 10. PBA's claim that this registration "provides conclusive evidence of Projekt Bayern's exclusive right to use its LEAVENWORTH OKTOBERFEST Mark" is flatly contradicted by law. *See id.*, ¶ 11; *cf.* 15 U.S.C. § 1065(2) (incontestability not established if a "proceeding involving said rights [is] pending in the [USPTO] or in a court and not finally disposed of") and *Benabou v. Cheo*, No. 2:19-cv-04619-R-SS, 2019 U.S. Dist. LEXIS 227927, at *12 (N.D. Cal. Nov. 8, 2019) ("Registration of a trademark is not conclusive evidence of its validity or of the registrant's ownership of the mark unless the right to use the registered mark has become incontestable under 15 U.S.C. § 1065, and

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1  even then, such conclusive evidence" is subject to "various defenses or defects, including" fraudulent procurement). The Court need not consider as true incorrect statements of law. Significantly, PBA does not assert a claim for infringement of a registered trademark, relying instead on common law rights. *See* 15 U.S.C. § 1114.

**B. <u>Argument</u>**

This Court may dismiss a trademark infringement claim at the motion to dismiss stage if the alleged use is fair as a matter of law. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1467 (9th Cir. 1993). District courts in this circuit have so held when the alleged infringer commits the pleaded activity "simply [] to identify [it]self." *See Albrecht v. Tkachenko*, No. 14-cv-05442-VC, 2015 U.S. Dist. LEXIS 32982, at *3-4 (N.D. Cal. Mar. 15, 2015) (dismissing claim at motion to dismiss stage and citing 15 U.S.C. § 1115(b)(4) and *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 612 (6th Cir. 2009)). Specifically, the Lanham Act "allows use of another's mark where the use is 'otherwise than as a trade or service mark.'" *In re Dual-Deck*, 11 F.3d at 1467 (affirming dismissal at motion to dismiss stage based on descriptive use). Here, the uses complained of by PBA are done "'otherwise than as a mark' and 'fairly and in good faith' to describe to users goods and services." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 155 (N.D. Cal. 2020). PBA's claims are each subject to dismissal because they do not plead activities sufficient to give rise to the relevant causes of action.

Notably, although "[a] trademark is a limited property right in a particular word, phrase or symbol," the public's "cost of recognizing [that] property right[] is the removal of words from (or perhaps non-entrance into) our language." *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 306 (9th Cir. 1992). "Thus, the holder of a

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 4

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

trademark will be denied protection if it is (or becomes) generic, i.e., if it does not relate exclusively to the trademark owner's product." *Id*. The United States Patent and Trademark Office recognizes that "[g]eneric terms are terms that the relevant purchasing public understands primarily as the common or class name for the goods or services." TMEP 1209.01(c). These terms are unregistrable with the USPTO absent a disclaimer, which may be required by the USPTO. *See* 15 U.S.C. § 1056(a); *see In re Hiromichi Wada*, 194 F.3d 1297, 1301 (Fed. Cir. 1999) ("Disclaimer of generic terms in composite marks allows marks containing generic terms to be registered as a whole ***while preventing any exclusive rights in the generic terms themselves***.") (emphasis added).

### 1. The Chamber's use of "Oktoberfest returns" and "Oktoberfest is back" are truthful statements using generic matter that are not actionable.

PBA's claim is not a plausible cause of action. PBA cannot seriously dispute that Oktoberfestivities occurred in the city of Leavenworth previously apart from its lease of the Fruit Warehouse Property; PBA inserts into its pleading a photo showing just that. ECF No. 21, ¶¶ 20, 43. PBA submitted a proposal to replicate the Oktoberfest "marquee event" (intimating other Oktoberfest events occurred) in Leavenworth that has happened there "[h]istorically." *Id.*, ¶¶ 25-26. Notably, Projekt Bayern's participation in Oktoberfest is not the only "Oktoberfest" participation that has occurred in Leavenworth over at least the past decade. *See* Campbell Decl., ¶¶ 6-11. As such, use of terminology such as "returns" and "is back" are truthful statements, made fairly and not in a trademark fashion, and without any use of the registered trademark "LEAVENWORTH OKTOBERFEST" or implication to PBA. *See* Restatement (Third) of Unfair Competition

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

§ 28 cmt. a. ("[t]rademark rights … extend only to the source significance that has been acquired by such terms, not to their original descriptive meanings").

Still, PBA pleads that its event "has been the **only** Oktoberfest event taking place in the Leavenworth area for the past 20 years." *See* ECF No. 21, ¶¶ 36, 67, 68, 83, 84 (emphasis in original). This is plainly converted by undisputable facts. *See* Campbell Decl., ¶¶ 6–11, Exs. A-G; *see also* Declaration of Steven Demarest, at ¶ 4, Exs. 2-3. Nearly the entire city, including its relevant businesses, take part in the Leavenworth Oktoberfest festivities, including use of that generic term. *See* Campbell Decl., ¶ 12.

"[A]part from conclusory allegations concerning malice and ill will, there is nothing in the pleadings or in the voluminous documents before the Court to suggest that" the Chamber's use of "Oktoberfest returns" or "Oktoberfest is back" was made "in bad faith." *See Threshold Enters.*, 445 F. Supp. 3d at 156. The Chamber's role is to support the local businesses of Leavenworth that have engaged in Oktoberfest festivities for years. *See, e.g.,* Declaration of Steven Demarest, ¶ 4. Having disclaimed the generic term "Oktoberfest," PBA may not now seek to enforce rights in the generic term. *See* ECF No. 19 at ¶ 6, Ex. E; *see also New Kids*, 971 F.2d at 306 ("When a trademark comes to describe a class of goods rather than an individual product, the courts will hold as a matter of law that use of that mark does not imply sponsorship or endorsement of the product by the original holder.").

2. **The Wenatchee World's publication of its own photo is not use by the Chamber and is not actionable.**

PBA uses the Wenatchee World, a third-party press publication not associated with this action, and its publication of a photo to support its claim that "[t]he Chamber is using

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

photographs" (ECF No. 21, ¶ 43) in such a way that "will therefore help cause additional consumer confusion" (*id.,* ¶ 46). *See also id.,* ¶ 85. But this photo is of the city of Leavenworth and not on the Fruit Warehouse Property; one can clearly see shops, city streets, and parked cars in city-provided parking spaces along the right of way. *See* ECF No. 21, ¶ 43. Again taking the allegations PBA makes as true, PBA was only granted a right to use certain property "for 'its' LEAVENWORTH OKTOBERFEST event" and this photo does not depict said property. *See id.*, ¶ 20. "The Hat Shop," another supporting member of the Leavenworth Chamber of Commerce, can clearly be seen in the background, as well as the Leavenworth Museum and the Leavenworth Nutcracker Museum. *See* Campbell Decl., ¶ 14. The photo clearly denotes at the bottom it is owned by "Don Seabrook," the photo editor of the Wenatchee World. *See id.*, ¶ 15.

PBA is now claiming that a third-party free press organization's publication of a photo depicting the streets of Leavenworth and local businesses' participation in an Oktoberfest somehow constitutes the Chamber's infringement of some intellectual property of PBA. PBA once again attempts to impart a third-party's actions on a named party without sufficient supporting allegations. *See* ECF No. 14, 11 (the City argued "PBA has not alleged deceptive marketing and advertising by the City. Instead, PBA alleges that a representative of the Leavenworth Chamber of Commerce posted 'Oktoberfest returns to Leavenworth.'"). But PBA's inclusion of this photo in its pleadings is fortuitous for the Chamber: it showcases historical Oktoberfest happenings in the city of Leavenworth and directly contradicts its claims to exclusively producing Oktoberfests in the city.

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

### 3. The Chamber's use of "Leavenworth" and "Oktoberfest" is fair and is not actionable.

Taking all factual allegations pleaded by PBA as true, the complained of uses of "Leavenworth" and "Oktoberfest" are clearly "descriptive, and there is no evidence from which an inference of bad faith could be drawn." *See In re Dual-Deck*, 11 F.3d at 1467. Conversely, PBA is attempting to prohibit any person associated with Leavenworth or an Oktoberfest from using "Leavenworth" or "Oktoberfest" in its advertising or otherwise engaging in any sort of marketplace activity. *See, e.g.,* ECF No. 1, ¶ 53 and ECF No. 4, ¶ 53 (PBA sent a demand letter concerning use of "Bavariafest," claiming it would likely be confused with "LEAVENWORTH OKTOBERFEST"). This is contrary to the law and underlying policy. *See* Restatement (Third) of Unfair Competition § 28 cmt. a.

The Chamber has every right to use "Oktoberfest." *See New Kids*, 971 F.2d at 306 (use of generic terms does not imply sponsorship or endorsement as a matter of law). And it has every right to use "Leavenworth" to announce services occurring in the city of Leavenworth. *See id.* (when "a trademark … describes a person, a place or an attribute of a product … courts will hold as a matter of law that the original producer does not sponsor or endorse another product that uses his mark in a descriptive manner"). PBA's demand letters and counterclaims are nothing more than bullying. "Leavenworth" is the name of the city in which these festivities are located, and the public associated with the city, especially the businesses thereof, are, as a matter of law, allowed to use it.

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 8

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

### 4. PBA's allegations relative to its Oktoberfest trade dress is insufficiently pleaded.

PBA appears to claim trade dress in the "Projekt Bayern Services," namely "longstanding traditions of music, dancing, and the ceremonial tapping of the kegs!", and that the Chamber is infringing same. *See* ECF No. 21, ¶ 40. As such, it is PBA's burden to "prove: (1) that its claimed dress is nonfunctional; (2) that its claimed dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion." *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001); *see also One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1166 (9th Cir. 2009). Additionally, PBA must provide proper notice of the claimed trade dress. *See Sleep Sci. Partners v. Lieberman*, No. 09-04200 CW, 2010 U.S. Dist. LEXIS 45385, at *7 (N.D. Cal. May 10, 2010).

A properly plead trade dress claim "should clearly articulate [the plaintiff's] claimed trade dress to give a defendant sufficient notice." *Id*. "Trade dress refers generally to the total image, design, and appearance of a product and 'may include features such as size, shape, color, color combinations, texture or graphics.'" *Clicks Billiards,* 251 F.3d at 1257 (quoting *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993)). "If Plaintiff does not actually provide a complete list of the elements that make up its trade dress, Defendants do not have sufficient notice of Plaintiff's trade dress claim." *Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-cv-4456-RSWL-JEM, 2017 U.S. Dist. LEXIS 156711, at *11-12 (C.D. Cal. Sept. 25, 2017).

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 9

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Here, PBA does not sufficiently allege that its services have acquired distinctiveness such that a consumer would view them and understand the services to be unique to PBA. *See Int'l Jensen*, 4 F.3d at 824 (trade "dress is distinctive when it identifies the particular source of the product or distinguishes itself from other products"). Most damaging, Plaintiff appears to concede that its alleged elements are exactly the kinds of services associated with an "Oktoberfest," which PBA has acknowledged and, as a term, disclaimed. *See* ECF No. 19, ¶ 6, Ex. D. Having disclaimed "OKTOBERFEST" as generic, PBA cannot now claim ownership of the term or the concept, even if it were to somehow claim it invented Oktoberfest keg-tapping. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003) (Section 43(a) of the Lanham Act offers no protection "to the author of any idea, concept, or communication embodied in" goods or services). No degree of truthful amendment could turn the "Projekt Bayern Services" into appropriately pleaded trade dress, and the Court should dismiss claims relevant to this allegation.

### III. CONCLUSION

This is the rare case where the facts, as pleaded, leave the Court able to determine that the complained of acts are in fact fair uses, and PBA's counterclaims should be dismissed.

Respectfully submitted, this 12th day of October, 2022.

/s/ Robert J. Carlson
Robert J. Carlson, WSBA#18455
LEE & HAYES, P.C.
One Convention Place
701 Pike Street, Ste. 1600
Seattle, WA 98101
Phone: (206) 315-4001

LEAVENWORTH CHAMBER OF COMMERCE'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 10

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Fax (206) 315-4004
Email: bob@leehayes.com

Rhett V. Barney, WSBA #44764
Ethan B. Vodde, WSBA #55400
Johanna Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: rhettb@leehayes.com
ethan.vodde@leehayes.com
johanna.tomlinson@leehayes.com

*Counsel for Plaintiff City of Leavenworth and Third Party Defendant Leavenworth Chamber of Commerce*

LEAVENWORTH CHAMBER OF COMMERCE'S MOTION TO DISMISS THIRD-PARTY COMPLAINT - 11

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

<u>/s/ Robert J. Carlson</u>
Robert J. Carlson, WSBA#18455
LEE & HAYES, P.C.
One Convention Place
701 Pike Street, Ste. 1600
Seattle, WA 98101
Phone: (206) 315-4001
Fax (206) 315-4004
Email: bob@leehayes.com

*Counsel for Plaintiff City of Leavenworth and Third Party Defendant Leavenworth Chamber of Commerce*

LEAVENWORTH CHAMBER OF COMMERCE'S MOTION TO DISMISS THIRD-PARTY COMPLAINT - 12

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979