James Breitenbucher, WSBA #27670
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4400
Seattle, Washington 98154
206.624.3600

Kelly Konkright, WSBA #33544
LUKINS & ANNIS, P.S.
717 West Sprague Avenue, Suite 1600
Spokane, Washington 99201
509.455.9555

Cali R. Spota (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
997 Lenox Drive
Lawrenceville, New Jersey 08648
609.896.3600

*Attorneys for Defendant/Counterclaimant/
Third-Party Plaintiff Projekt Bayern Association*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF LEAVENWORTH, a Washington municipal corporation,<br><br>  Plaintiff/Counterclaim Defendant,<br><br>  v.<br><br>PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation,<br><br>  Defendant/Counterclaimant.<br><br>PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation,<br><br>  Third-Party Plaintiff,<br><br>  v.<br><br>LEAVENWORTH CHAMBER OF COMMERCE, a Washington nonprofit corporation,<br><br>  Third-Party Defendant. | No. 2:22-cv-00174-TOR<br><br>**PROJEKT BAYERN ASSOCIATION'S OPPOSITION TO THE CITY OF LEAVENWORTH'S MOTION TO DISMISS THE AMENDED COUNTERCLAIMS** |

## I.    INTRODUCTION

The City of Leavenworth, through its mayor, ran Projekt Bayern's LEAVENWORTH OKTOBERFEST out of town so that it could be supplanted with an event in which the City would share in the profits. To do so, the City awarded the event to its partner SE Productions (an ineligible vendor whose incomplete proposal was submitted just 22 seconds before the City's deadline) and interfered with Projekt Bayern's October 2022 reservations for the Festhalle, among other things. The City, now in partnership with the Leavenworth Chamber of Commerce, then set about to replicate the event that Projekt Bayern had made so successful through over two decades of work.

With its motion for preliminary injunction, the City sought to suppress criticism of the mayor and his administration's mismanagement of Oktoberfest in Leavenworth. With this motion to dismiss, the City again seeks to bury criticisms of how the mayor has mismanaged Oktoberfest in Leavenworth. Projekt Bayern, however, has stated valid claims for unfair competition and deceptive practices under both state and federal law, and is entitled to pursue discovery on these claims, including a deposition of the mayor to learn more about his role in the bidding process and his interference with Projekt Bayern's Festhalle reservations. Viewing all facts in the light most favorable to Projekt Bayern, which includes the validity of its federal registration of the LEAVENWORTH OKTOBERFEST Mark, the City's motion to dismiss must be denied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In 1998, Projekt Bayern originated the idea and hosted the first "LEAVENWORTH OKTOBERFEST" event, operating the first several LEAVENWORTH OKTOBERFEST events on private property. (ECF No. 21 at ¶ 8.) Projekt Bayern is the owner of U.S. Trademark Registration No. 5,239,374 for

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

the LEAVENWORTH OKTOBERFEST Mark, which was placed on the Principal Register of the United States Patent and Trademark Office ("USPTO") on July 11, 2017. (*Id.* ¶¶ 9–10.) Projekt Bayern has continuously used its LEAVENWORTH OKTOBERFEST Mark in commerce since 1998, a name that Projekt Bayern has invested thousands of dollars in to build its LEAVENWORTH OKTOBERFEST brand. (*Id.* ¶¶ 12–13.)

In 2012, the City and Projekt Bayern entered into a Commercial Lease Agreement for the "Fruit Warehouse" property where Projekt Bayern would operate the central part of its LEAVENWORTH OKTOBERFEST event ("2012 Agreement"). (*Id.* ¶ 17.) Projekt Bayern continued to operate the LEAVENWORTH OKTOBERFEST® event annually until 2020 when the Covid-19 pandemic hit. (*Id.* ¶ 23.) Instead, in 2021, Projekt Bayern organized a free festival in Leavenworth. (*Id.*) The City then terminated the 2012 Agreement with Projekt Bayern. (*Id.* ¶ 24.)

In a June 23, 2022 Press Release about Oktoberfest in Leavenworth, the City announced that it was "seeking a new style of partnership with an entity that will conceptualize, plan, prepare, execute, evaluate and replicate a marquee event to promote the City, showcase local businesses, respect community character, celebrate inclusion, and balance the needs of visitors and residents in October." (*Id.* ¶ 25.) Projekt Bayern offered to have its LEAVENWORTH OKTOBERFEST event in Leavenworth in 2022, but the City did not seriously consider Projekt Bayern's proposal, rejecting Projekt Bayern's final proposal on the same day that it was made. (*Id.* ¶ 26.) In addition, the City caused the Festhalle to violate its own rules and cancel Projekt Bayern's October 2022 reservations. (*Id.* ¶ 27.)

Contrary to the City's assertions, Projekt Bayern did not arbitrarily make the decision to host an event in Wenatchee, Washington. (ECF No. 34 at 1.) Instead, because the City rejected Projekt Bayern's proposal, and still wanting to continue

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 2

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

offering the LEAVENWORTH OKTOBERFEST event in the same manner that consumers were accustomed to and have come to associate the LEAVENWORTH OKTOBERFEST event with, Projekt Bayern moved its event to Wenatchee, Washington, a city from which it has operated shuttle buses to and from its LEAVENWORTH OKTOBERFEST event for many years. (ECF No. 21 ¶ 28.)

Knowing that Projekt Bayern's LEAVENWORTH OKTOBERFEST event has attracted consumers to the area for the past 20 years, and the success and goodwill associated with Projekt Bayern's LEAVENWORTH OKTOBERFEST event, the City, and the Leavenworth Chamber of Commerce ("the Chamber") began engaging in various deceptive tactics to promote its directly competing Oktoberfest-themed event and unfairly trade on Projekt Bayern's success and the goodwill associated with its LEAVENWORTH OKTOBERFEST Mark. (*Id*. ¶¶ 34–44.)

The City, not the Chamber, filed this action against Projekt Bayern on July 20, 2022, alleging, among other things, that Projekt Bayern is the one engaging in unfair and deceptive practices as to Projekt Bayern's use of the LEAVENWORTH OKTOBERFEST Mark. (ECF No. 1 at ¶¶ 104–114; 120–131.) Projekt Bayern filed its answer and original counterclaims on August 12, 2022. (ECF No. 4.) On August 31, 2022, the City moved to dismiss Projekt Bayern's original counterclaims. (ECF No. 14.) While the City's Complaint inherently suggests that the City has standing to protect some sort of property right, the City's motion to dismiss essentially blamed the Chamber for all of the wrongful conduct alleged in Projekt Bayern's original counterclaims. (*See* ECF No. 14 at 6.)[1] In light of the City's statements, Projekt

---

[1] This also raises the question of "who" actually has the right to assert the claims before the Court and whether the City had any right to even bring this action.

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 3

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

Bayern filed its Amended Counterclaims and Third-Party Complaint against the City and the Chamber. (ECF No. 21.) The City then filed this motion to dismiss. (ECF No. 34.)

### III. LAW AND ARGUMENT

#### A. Standard of Review

"To survive a Rule 12(b)(6) motion to dismiss, a '[party] must allege enough facts to state a claim to relief that is plausible on its face.'" *Turner v. City and Cnty. of San Francisc*o, 788 F.3d 1206, 1210 (9th Cir. 2015) (quoting *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)). "In assessing whether a party has stated a claim upon which relief can be granted, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party[.]" *Turner*, 788 F.3d at 1210; *see also Automotive Repair Corp. v. AMH Canada, Ltd.,* No. CV-10-0460-LRS, 2011 WL 1900127, at *2 (E.D. Wash. May 19, 2011). Further, "'[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Communities v. Insinkerator*, No. 2:15-CV-0346-SMJ, 2016 WL 3351009, at *1 (E.D. Wash. June 15, 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A claim has 'facial plausibility' when the [party] seeking relief 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft*, 556 U.S. at 678. In addition, the Court must assume that all general allegations embrace whatever specific facts might be necessary to support them. *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Finally, this Court has noted that it disfavors a 12(b)(6) motion to dismiss. *See Tissue v. Citifinancial, Inc.*, No. CV-09-053-RHW, 2009 WL 5208799, at *2 (E.D. Wash. Dec. 22, 2009); *see also McGary v. City of*

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 4

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

*Portland*, 386 F.3d 1259, 1270 (9th Cir. 2004). A claim or counterclaim cannot be dismissed under Rule 12(b)(6) unless the complaint, taken as a whole, fails to give rise to a plausible inference of actionable conduct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

In its Standard of Review section, the City argues that this Court can summarily disregard Projekt Bayern's trademark registration when ruling on this motion to dismiss. (ECF No. 34 at 3–4.) Just as the City did not contest Projekt Bayern's federal registration in its motion for preliminary injunction, the City has not contested Projekt Bayern's federal registration in its motion to dismiss. Regardless, the Court must assume that the federal registration is valid because the Court must view the facts supporting the federal registration in a light most favorable to Projekt Bayern.

Incontestability is a status a registered trademark can obtain after "continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce," which limits the grounds on which a mark can challenged. *See* 15 U.S.C. § 1065; *see also Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 196 (1985). Contrary to the City's position, the Lanham Act states that a mark registered on the Principal Register is presumed to be valid, regardless of incontestability status. 15 U.S.C. § 1057(b). Although a rebuttal presumption, "the presumption of validity is a strong one[.]" *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1115 (9th Cir. 2010). Again, the Court must take all facts "as true and construe them in the light most favorable to the nonmoving party." *Turner*, 788 F.3d at 1210; *see also Automotive Repair* Corp, 2011 WL 1900127, at *2. Accordingly, since Projekt Bayern asserts it has a valid trademark registration, for any purposes of this Motion, the Court should assume the LEAVENWORTH OKTOBERFEST Mark is valid. Further, contrary to the City's assertions, and as

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

detailed below, Projekt Bayern's **unfair competition** claims are based on its **federal and common law rights**, not just common law rights.[2]

B. Argument

Projekt Bayern's Amended Counterclaims assert the following claims against the City: (1) federal and common law unfair competition; and (2) violation under the Washington Consumer Protection. Each of these claims are supported by more than adequate allegations, making dismissal improper.

### 1. Projekt Bayern's Amended Counterclaims Seek Injunctive Relief from the City and are Therefore Not Barred

The City argues that RCW 4.96.010(1) requires dismissal of any tort claims. RCW 4.96.010(1), however, only requires one to file "a claim for **damages**" prior "to the commencement of any action claiming **damages**." (emphasis added). Each of Projekt Bayern's counterclaims seeks *injunctive* relief against the City. (ECF No. 21 at ¶¶ 76, 99, 121, Prayer for Relief.) The City cannot use RCW 4.96.010 as a defense to claims for injunctive relief. Further, as the City is aware, Projekt Bayern submitted its tort claim to the City on October 4, 2022. Dismissing the claims, just so Projekt Bayern can immediately replead them, would waste the parties' and the Court's time and resources. The City wants an August 2023 trial date but its actions are obstructing the lawsuit's progress.

Projekt Bayern was not required to provide statutory notice to the City as to its claims for injunctive relief. The City's arguments therefore fail, and the Amended Counterclaims should not be dismissed. In any event, should Projekt Bayern decide to seek damages from the City, Projekt Bayern has now submitted a formal tort claim

---

[2] Both registered and unregistered trademarks are protected from unfair competition by Section 43(a) of the Lanham Act. *See EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 62 (2d Cir. 2000).

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 6

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

in compliance with RCW 4.96.010(1).

### 2. Projekt Bayern has Adequately Pled a Claim for Unfair Competition Under 15 U.S.C. § 1125(a) and Common Law

#### *i.    The City's Activities do not Qualify as Fair Use*

In its motion, the City argues that "fair use" of Projekt Bayern's LEAVENWORTH OKTOBERFEST inoculates it from any unfair competition claims. Not so.

First, "fair use" is not a defense to an unfair competition claim where a party is not asserting a trademark infringement-based claim. Rather, the defense applies to trademark infringement claims and unfair competition claims relating to the same (*i.e.*, allegations that another is using an identical, or similar, mark to its own that will cause consumer confusion), and Projekt Bayern has not even asserted a trademark infringement claim against the City.

Second, the "fair use" defense is an affirmative defense[3] only available when a party "uses the term 'otherwise than as a mark' and 'fairly and in good faith only to describe the goods or services[.]'" *Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F. Supp. 2d 1068, 1075 (C.D. Cal. 1998) (quoting 15 U.S.C. § 1115(b)(4)). This defense applies when the use "does not attempt to capitalize on

---

[3] "Because classic fair use is an affirmative defense, it is normally not appropriate for consideration on a Fed. Rule Civ. Proc. 12(b)(6) motion to dismiss for failure to state a claim." 2 McCarthy on Trademarks and Unfair Competition § 11:49 (5th ed.); *see also Car-Freshner Corporation v. Sun Cedar, Inc.*, 2016 WL 3881097 (N.D.N.Y. 2016) (denying 12(b)(6) motion to dismiss because the classic fair use defense was unpersuasive "where the allegations in the complaint [were] insufficient to establish the defense.").

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

consumer confusion or to appropriate the cachet of one product for a different one." *Id.* at 176 (internal citations and quotations omitted). Here, Projekt Bayern specifically alleges that the City is attempting to capitalize on consumer confusion and misappropriate the cachet of Projekt Bayern's LEAVENWORTH OKTOBERFEST event.

Third, to the extent the City uses the phrase "Leavenworth Oktoberfest," it is not fair or in good faith. "Leavenworth Oktoberfest" is not correct English. If the City was merely describing its fall festival occurring in Leavenworth, the City should have said "Oktoberfest at (or in) Leavenworth" or "The City of Leavenworth's Oktoberfest." And in fact, Projekt Bayern has not objected to the City's use of the terms "Leavenworth" and "Oktoberfest" in that manner (absent other conduct attempting to confuse the public). However, the use of the phrase "Leavenworth Oktoberfest" is a trademark use and not descriptive. Further, Projekt Bayern is not claiming the rights to the name "Leavenworth" alone. The City can use the word "Leavenworth" in other contexts. But the City cannot say "Leavenworth Oktoberfest," especially in the context of an Oktoberfest "returning" to Leavenworth, Washington. It is not the word "Leavenworth" to which Projekt Bayern objects. It is where the City intentionally places the terms "Leavenworth" and "Oktoberfest" in close proximity and marries it with photographs of Projekt Bayern's LEAVENWORTH OKTOBERFEST event and other indicia that Projekt Bayern objects.

The Amended Counterclaims detail how the City's use is attempting to capitalize on the goodwill associated with Projekt Bayern, its LEAVENWORTH OKTOBERFEST event, and the LEAVENWORTH OKTOBERFEST Mark and/or creates and association between the City's 2022 fall festival and Projekt Bayern. (ECF No. 21 at ¶¶ 46–52, 54, 70–72.) When the allegations are taken as true, a "fair

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

use" defense is unavailable to the City.

### ii. Projekt Bayern has stated a Cause of Action under both 15 U.S.C. § 1125(a) and Common Law

"Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits the use of false designations of origin, false descriptions, and false representations in the advertising and sale of goods and services." *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 949 (S.D. Cal. 2016). To state a claim for false designation of origin, one must allege (1) the use of:

> a designation (any word, term, name, device, or combination thereof); (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of [counterclaim defendant] with another person, or (b) as to the origin, sponsorship, or approval of [counterclaim defendant's] goods, services, or commercial activities by another person; and (5) [claimant] has been or is likely to be damaged by these acts.

*Id*. The elements for unfair competition under the Lanham Act are identical to the elements of unfair competition under Washington common law. *See, e.g.*, *Fortress Secure Sols., LLC v. AlarmSIM, LLC*, No. 4:17-CV-5058-TOR, 2018 WL 11436303, at *8 (E.D. Wash. July 30, 2018).

The Amended Counterclaims undoubtedly plead all the required elements. As detailed in the Amended Counterclaims, the City is using a combination of words, terms, and names, in connection with the offering of its 2022 fall event, that is likely to cause confusion among consumers as to the affiliation, connection, or association of the City's 2022 fall event with Projekt Bayern. (*See* ECF No. 21 at ¶¶ 36–55.) This includes deceptive marketing and advertising (*e.g.*, using pictures from previous LEAVENWORTH OKTOBERFEST events, using the words "return" and "back" in connection with said pictures, purposely putting the words "Leavenworth" and "Oktoberfest" together, etc.) and direct copying of the services offered by

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 9

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Projekt Bayern in connection with its LEAVENWORTH OKTOBERFEST Mark. For example, the counterclaims state that Projekt Bayern's Oktoberfest has been the **only** Oktoberfest event taking placing in Leavenworth, Washington for the past 20 years. (*Id.* at ¶ 36.) In light of this, the Amended Counterclaims then plead that the City is aware or should be aware that its use of words like "return" and "back," coupled with images depicting Projekt Bayern's Services in its marketing materials, "is likely to confuse, mislead, and otherwise deceive consumers into believing the 2022 Festival originates from, is affiliated with, and/or is licensed, sponsored, approved, or authorized by Projekt Bayern." (*Id.* at ¶ 48.)

As one example of the City's unfair competition, Projekt Bayern cites the use of a photograph that depicts Projekt Bayern's LEAVENWORTH OKTOBERFEST event. (ECF No. 21 at ¶ 21.) It is immaterial whether the photograph complained about is outside the Fruit Warehouse Property, because the festivities depicted in the photograph are the **purpose** of the photograph, and most importantly, the **intent** of the use of the photograph is to show the continuation of prior events with the current event. That is the false association. The City is promoting Projekt Bayern's past events (which occurred throughout the *entire* city of Leavenworth as Projekt Bayern secured permits for events to occur elsewhere in the city) provided under the LEAVENWORTH OKTOBERFEST Mark. This event moved to nearby Wenatchee in 2022. The City is now trying to steal Projekt Bayern's hard-earned goodwill and package it as its own.

The Amended Counterclaims then state that such actions have caused Projekt Bayern harm. (*Id.* ¶ 56.) These paragraphs also detail how (1) the City's activities are likely to cause confusion among consumers as to the origin, sponsorship, or approval of the City's 2022 fall festival; and (2) the City's actions have caused, and will continue to cause, harm to Projekt Bayern. (*Id.*)

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 10

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Notably, Projekt Bayern is not currently asserting a trade dress cause of action. Nor is Projekt Bayern asserting an exclusive right to the concept of an Oktoberfest. Projekt Bayern asserts it has an event, which Projekt Bayern created and has provided to consumers for the past 20 years, and that is associated with the LEAVENWORTH OKTOBERFEST Mark. The City is misleading others, by its abovementioned actions, to believe that its directly competing event is Projekt Bayern's event and/or sponsored by Projekt Bayern by mimicking Projekt Bayern's LEAVENWORTH OKTOBERFEST event and marketing it in a deceptive way. This is the unfair competition here, and Projekt Bayern does need to assert a trade dress claim to assert this claim.

The City's actions, when taken as a whole, constitute unfair competition. Accordingly, when these allegations are taken as true, Projekt Bayern has stated a claim for unfair competition under both federal and Washington common law.

### iii.    The City is Directly Liable for its Actions

The City argues that Projekt Bayern has not stated a claim for contributory trademark infringement or vicarious trademark infringement (*i.e.*, secondary liability), but Projekt Bayern does not rely upon such theories. The Amended Counterclaims assert that the City is *directly* liable for its actions, which amount to **unfair competition**. (ECF No. 21 at ¶¶ 65–66, 68, 73–74.) Projekt Bayern also asserts that the City has partnered with the Chamber to put on the competing event. (*Id.* ¶ 69, 71–72.) The City even admits that it "has coordinated" with entities regarding celebrations in Leavenworth, Washington previously. (ECF No. 1 at ¶ 11.) Projekt Bayern also asserts that the City has promised to subsidize the Chamber to cover expenses related to the 2022 fall festival in Leavenworth. (ECF No. 21 at ¶ 45.)

Further, the City essentially claims ownership of the fall event held in Leavenworth, Washington by stating a claim for false description and false

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 11

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

advertising under 15 U.S.C. § 1125(a) against Projekt Bayern (*see* Complaint ¶¶ 104–114), but then states that all of the misconduct alleged by Projekt Bayern is that of the Chamber. (*See* ECF No 14 at 5–6.) The two arguments are contradictory and cannot coexist. Either the 2022 fall festival in Leavenworth belongs to the City, and the City is "licensing" the right to provide the event to the Chamber or the 2022 fall festival in Leavenworth belongs to the Chamber, and the City lacks standing to bring this action; it cannot be both. Assuming that the City has standing to bring this action, it must follow that the City is working with the Chamber in some manner, the extent of which will be explored during discovery. This is explicitly pled in the Amended Counterclaims. (*See* ECF No. 21 at ¶ 46 ("The Chamber, and the City, whether jointly, as licensor-licensee, or as an agent of the other, is intentionally using the recognition and goodwill associated with Projekt Bayern and Projekt Bayern's LEAVENWORTH OKTOBERFEST event to launch its directly competing Oktoberfest event.").)

Projekt Bayern has sufficiently pled allegations to show the City's culpability as to Projekt Bayern's unfair competition claims. Any argument about **indirect** infringement is inapplicable and should be disregarded.

### 3. Projekt Bayern has Adequately Pled a Claim Under the Washington Consumer Protection Act

To plead a CPA claim, a [party] must allege (1) an unfair or deceptive act (2) in trade or commerce (3) that affects the public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act complained of and the injury suffered. *Adrain v. Wells Fargo Bank, N.A.*, 2016 WL 6246779 (E.D. Wash. October 25, 2016). "The CPA is to be 'liberally construed that its beneficial purposes may be served.'" *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash. 2d 59, 73 (2007) (quoting RCW

19.86.920).

Because Projekt Bayern has sufficiently pled a claim for unfair competition, Projekt Bayern has also necessarily stated a claim under the CPA. *See Fortress Secure Sols., LLC v. AlarmSIM, LLC*, No. 4:17-CV-5058-TOR, 2018 WL 11436303, at *16 (E.D. Wash. July 30, 2018) ("As the Court found above that Plaintiff states a plausible claim for unfair competition and deceptive or unfair business practices, the Court also determines that Plaintiff sufficiently pleads a claim for violation of RCW 19.86 et seq."). Nonetheless, Projekt Bayern will address each of the five elements.

As discussed above in relation to Projekt Bayern's unfair competition claim, Projekt Bayern has alleged several unfair or deceptive acts in commerce. (ECF No. 21 at ¶¶ 34–44.) As explicitly stated in Count V, Projekt Bayern asserts that the City is leading others, by its abovementioned actions, to believe that its directly competing event is Projekt Bayern's event and/or sponsored by Projekt Bayern by mimicking Projekt Bayern's LEAVENWORTH OKTOBERFEST event and marketing it in a deceptive way. (*Id*. ¶¶ 112–118.) These actions "have and continue to negatively affect the public interest as consumers traveling from all around the United States are being deceived into attending an event, of which they believe originates from, or is associated with, Projekt Bayern, but instead, originates from the City." (*Id*. ¶ 119.) As further stated, said actions have, and will continue to harm Projekt Bayern as they will damage Projekt Bayern's business reputation and goodwill (both in its business and LEAVENWORTH OKTOBERFEST Mark). (*Id*. ¶¶ 120–121.) Thus, Projekt Bayern has sufficiently asserted a claim under the Washington Consumer Protection Act.

## IV.    CONCLUSION

The City, through its mayor, ran Projekt Bayern out of town to replace Projekt Bayern's LEAVENWORTH OKTOBERFEST event with a replica in which the

PROJEKT BAYERN'S OPPOSITION TO THE CITY
OF LEAVENWORTH'S MOTION TO DISMISS - 13

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

City would share the profits. In the process, the City violated its own rules, and with the Chamber, is capitalizing on consumer confusion about the source of the event and appropriating the cachet and goodwill that Projekt Bayern built over two decades of operating its LEAVENWORTH OKTOBERFEST event. Accordingly, Projekt Bayern respectfully requests that the Court deny the City's Motion to Dismiss Projekt Bayern's Amended Counterclaims.

DATED this 26th day of October, 2022.

 *s/ James Breitenbucher*
James Breitenbucher, WSBA #27670
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Tel 206.624.3600/Fax 206.389.1708
jbreitenbucher@foxrothschild.com

 *s/ Kelly Konkright*
Kelly Konkright, WSBA #33544
LUKINS & ANNIS, P.S.
717 W. Sprague Avenue, Suite 1600
Spokane, Washington 99201
Tel 509.455.9555/Fax 509.747.2323
kkonkright@lukins.com

 *s/ Calir R. Spota*
Cali R. Spota (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
997 Lenox Drive
Lawrenceville, NJ 08648
Tel 609.896.3600/Fax 609.896.1469
cspota@foxrothschild.com

*Attorneys for Projekt Bayern Associates*

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on the date written below, I caused a true and correct copy of the foregoing to be delivered to the following party in the manner indicated:

| Name: | Rhett V. Barney, WSBA #44764 | ☒ Via Email/ECF |
| --- | --- | --- |
| | Johanna Tomlinson, WSBA #57582 | ☐ Via U.S. Mail |
| | Ethan B. Vodde, WSBA #55400 | |
| Address: | LEE & HAYES, P.C. | ☐ Via Overnight Courier |
| Address: | 601 W. Riverside Avenue, Suite 1400 | ☐ Via Facsimile |
| Address: | Spokane, WA  99201 | ☐ Via FedEx |
| Phone: | (509) 324-9256 | |
| Fax: | (509) 323-8979 | |
| Email: | rhettb@leehayes.com | |
| | johanna.tomlinson@leehayes.com | |
| | ethan.vodde@leehayes.com | |

| Name: | Robert J. Carlson, WSBA #18455 | ☒ Via Email/ECF |
| --- | --- | --- |
| Address: | LEE & HAYES, P.C. | ☐ Via U.S. Mail |
| Address: | One Convention Place | ☐ Via Overnight Courier |
| Address: | 701 Pike Street, Suite 1600 | ☐ Via Facsimile |
| Address: | Seattle, WA  98101 | ☐ Via FedEx |
| Phone: | (206) 315-4001 | |
| Fax: | (206) 315-4004 | |
| Email: | bob@leehayes.com | |

*Attorneys for Plaintiff City of Leavenworth and Third-Party Defendant Leavenworth Chamber of Commerce*

DATED this 26th day of October, 2022.

*/s/ Mia Tenorino*
_____
Mia Tenorino
Legal Assistant
Fox Rothschild LLP
mtenorino@foxrothschild.com

PROJEKT BAYERN'S OPPOSITION TO THE CITY OF LEAVENWORTH'S MOTION TO DISMISS - 15

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600