RHETT V. BARNEY, WSBA #44764
ETHAN B. VODDE, WSBA #55400
JOHANNA TOMLINSON, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256; Fax: (509) 323-8979

ROBERT J. CARLSON, WSBA#18455
LEE & HAYES, P.C.
One Convention Place
701 Pike Street, Ste. 1600
Seattle, WA 98101
Phone: (206) 315-4001; Fax (206) 315-4004

*Counsel for Plaintiff City of Leavenworth*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF LEAVENWORTH, a Washington municipal corporation, <br><br> Plaintiff, <br><br> v. <br><br> PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation, <br><br> Defendant. | No. 2:22-cv-00174-TOR <br><br> **LEAVENWORTH CHAMBER OF COMMERCE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT PROJEKT BAYERN ASSOCIATION'S THIRD-PARTY COMPLAINT** <br><br> December 2, 2022 <br> Without Oral Argument |
| PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> LEAVENWORTH CHAMBER OF COMMERCE, a Washington nonprofit corporation, <br><br> Third-Party Defendant. | |

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

**TABLE OF CONTENTS**

I.   THE COMPLAINED-OF USES OF "LEAVENWORTH" AND "OKTOBERFEST" ARE NOT ACTIONABLE AS A MATTER OF LAW. ...................................................................................................1

II.  PROJEKT BAYERN FAILS TO PLAUSIBLY ALLEGE ANY RIGHTS INFRINGED ...........................................................................................4

III. CONCLUSION ...............................................................................6

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - i

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albrecht v. Tkachenko*,
  No. 14-cv-05442-VC, 2015 U.S. Dist. LEXIS 32982
  (N.D. Cal. Mar. 15, 2015) ................................................................................3

*Bell v. Harley Davidson Motor Co.*,
  539 F. Supp. 2d 1249 (S.D. Cal. Mar. 3, 2008) .................................................4

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
  11 F.3d 1460 (9th Cir. 1993) .............................................................................3

*Hensley Mfg., Inc. v. ProPride, Inc.*,
  579 F.3d 603 (6th Cir. 2009) .............................................................................3

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .............................................................................1

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) .......................................................................1, 2

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*,
  543 U.S. 111 (2004) ..........................................................................................3

*Luxottica Grp., S.p.A. v. Eye Story, Inc.*,
  No. 2:18-CV-3374-CAS-GJS, 2020 U.S. Dist. LEXIS 83810
  (C.D. Cal. May 11, 2020) ..................................................................................6

*Playboy Enters., Inc. v. Welles*,
  7 F. Supp. 2d 1098 (S.D. Cal. May 20, 1998) ...................................................3

*Threshold Enters. Ltd. v. Pressed Juicery, Inc.*,
  445 F. Supp. 3d 139 (N.D. Cal. Apr. 7, 2020) ..................................................4

*United States v. Richie*,
  342 F.3d 903 (9th Cir. 2003) .............................................................................1

**Statutes**

15 U.S.C. § 1065(2) ..................................................................................................4

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - ii

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

15 U.S.C. § 1114 ...................................................................................................5

15 U.S.C. § 1115(b)(4) ..........................................................................................3

15 U.S.C. § 1125(a) ......................................................................................1, 5, 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ......................................................................................1, 6

Fed. R. Evid. 201(b) ..............................................................................................2

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - iii

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# TABLE OF ABBREVIATIONS

| Abbreviation | Description |
| --- | --- |
| Defendant or PBA | Defendant Projekt Bayern Association |
| The City | Plaintiff City of Leavenworth, Washington |

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - iv

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Third-Party Defendant Leavenworth Chamber of Commerce (the "Chamber") respectfully submits this reply to Projekt Bayern Association's ("Projekt Bayern" or "PBA") opposition to the Chamber's Motion to Dismiss Projekt Bayern's Third-Party Complaint, ECF No. 43.

PBA's claims should be dismissed because they fail to state a plausible claim for relief: the only acts PBA complains of are wholly fair uses of "Leavenworth" and "Oktoberfest" and not actionable as a matter of law. Despite PBA's protests, this Court may consider the evidence submitted by the Chamber because it is central to PBA's claim: that it has been the only party using "Leavenworth Oktoberfest" in Leavenworth for 20 years. Regardless, PBA fails to plead the required elements of a claim under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## I. THE COMPLAINED-OF USES OF "LEAVENWORTH" AND "OKTOBERFEST" ARE NOT ACTIONABLE AS A MATTER OF LAW.

Courts may consider "certain materials" in determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *United States v. Richie*, 342 F.3d 903, 907 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis for plaintiff's claim." *Id*. at 908. This doctrine of "incorporation-by-reference" exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). This rationale "applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Thus, when materials are omitted such that

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

a complaint does not "allege or describe the contents of the surrounding pages," the Court will take the contents of those omitted materials into account when evaluating the context of the assertion that forms the basis for the claim. *See id*.

Here, PBA's Lanham Act (supporting its Washington Consumer Protection Act) claims are based on PBA's contention that PBA produced the "only" Oktoberfest event in Leavenworth, Washington for 20 years. ECF No. 21 at ¶¶ 36, 67, 68, 83, 84, 113, 114, 127, 128. The Chamber's evidence in support of its Motion to Dismiss is not, as PBA alleges, "an acknowledgement that issues of material fact exist with respect to Projekt Bayern's third-party claims against the Chamber." *See* ECF No. 43 at 6. Rather, the evidence consists of well-established facts that directly controvert an assertion central to PBA's cause of action: that PBA produced the "only" Oktoberfest event in Leavenworth, Washington for 20 years.[1] *See id*. at 11-12*; see also, e.g.,* ECF No. 21 at ¶ 36 ("which has been the **only** Oktoberfest event taking place in the City of Leavenworth for the past 20 years") (emphasis in original). PBA inconsistently argues that although others in Leavenworth, Washington had Oktoberfest-related events, these events are somehow irrelevant to the assertion that PBA's event was "the only Oktoberfest celebration taking place in Leavenworth" for 20 years. ECF No. 43 at 11-12.

PBA submits evidence in the form of a trademark license showcasing that, in **2018**, it entered into a licensing agreement with Ted Driven, LLC concerning use of the trademark LEAVENWORTH OKTOBERFEST in association with a "marathon running race" in the defined territory of Leavenworth, Washington. ECF No. 44-1. This admission that other Oktoberfest events took place in Leavenworth during the past 20 years directly

---

[1] *See* Fed. R. Evid. 201(b).

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

contradicts PBA's pleading. *See also* ECF No. 37 at 5 (describing the **2015** Leavenworth Oktoberfest marathon). Because PBA's claims are based on its assertion that it has been the sole provider of Oktoberfest events in Leavenworth for 20 years, this Court should review contextual evidence that may "doom" PBA's claims in analyzing whether the Chamber's alleged use of "Leavenworth" and "Oktoberfest" was fair.

In response to PBA's argument that "fair use" is an affirmative defense (ECF No. 43 at 9 n.3), the Chamber reiterates that district courts in this circuit have dismissed trademark infringement claims at this stage when the alleged infringer uses a descriptive term "simply [] to identify [it]self." *See Albrecht v. Tkachenko*, No. 14-cv-05442-VC, 2015 U.S. Dist. LEXIS 32982, at *4 (N.D. Cal. Mar. 15, 2015) (dismissing claim at motion to dismiss stage and citing 15 U.S.C. § 1115(b)(4) and *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 610-612 (6th Cir. 2009)); *see also In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1467 (9th Cir. 1993) (affirming dismissal at motion to dismiss stage based on descriptive use). It defies logic that Leavenworth's Chamber of Commerce cannot use the term "Leavenworth" to identify its own location as the site of an Oktoberfest. *See Playboy Enters., Inc. v. Welles*, 7 F. Supp. 2d 1098, 1103-1104 (S.D. Cal. May 20, 1998). PBA does not have any right to exclude others from a descriptive use of "Leavenworth" or "Oktoberfest." *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 113 (2004) (trademark rights for marks with acquired distinctiveness are granted "not in the original, descriptive sense, but only in the secondary one associated with the markholder's goods").

Yet PBA argues that the Chamber's alleged uses of "Leavenworth" are not made "in good faith." *See* ECF No. 43 at 9. PBA argues "the Chamber should have said

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

'Oktoberfest at (or in) Leavenworth'" to show good faith. Although nothing in the law requires such wording, this *is exactly what the Chamber did*. PBA argues "use of the phrase 'Leavenworth Oktoberfest' is a trademark use and not descriptive." *Id*. at 10. But PBA *does not allege* the Chamber has used the phrase "Leavenworth Oktoberfest." The Chamber has used "Leavenworth" and "Oktoberfest" exactly as PBA concedes descriptive use permits, and the Complaint does not contain any allegations that the Chamber has done otherwise. *See id*; *see also Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 155 (N.D. Cal. Apr. 7, 2020) ("The 'good faith' requirement asks whether the defendant, in adopting the term, intended to capitalize on the plaintiff's goodwill.").

PBA also argues, without citation, that "fair use" is "not a defense to an unfair competition claim where a party is not asserting a trademark infringement-based claim." ECF No. 43 at 8. While the Chamber appreciates PBA's clarity that it is not alleging infringement of a trademark, fair use is not so restricted. *See Bell v. Harley Davidson Motor Co.*, 539 F. Supp. 2d 1249, 1262 (S.D. Cal. Mar. 3, 2008) ("where a defendant's use of a phrase is 'fair use' for purposes of trademark infringement, defendant's conduct cannot be 'unfair' for purposes of a Lanham Act unfair competition claim").

## II. PROJEKT BAYERN FAILS TO PLAUSIBLY ALLEGE ANY RIGHTS INFRINGED

PBA intimates that its rights in its federal trademark registration are incontestable. *See* ECF No. 43 at 7; *see also* ECF No. 21 at ¶ 11. They are not; PBA has not met the conditions for incontestability. *See* ECF No. 36 at 7-8 (citing 15 U.S.C. § 1065(2)). What is more, PBA concedes the validity of its registration is presumed, but the presumption is

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - 4

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

rebuttable. *See* ECF No. 43 at 7. PBA clarifies that its § 43(a) "claims are based . . . not just [on] common law rights" but federal rights in its LEAVENWORTH OKTOBERFEST mark as well. *Id*. at 8. But in so arguing PBA makes plain that PBA has not pleaded the requisite elements of a § 43(a) claim for infringement of the look and feel of particular services. *See* ECF No. 43 at 11 (clarifying allegations of "direct copying of the services offered by Projekt Bayern"). If PBA desired to bring a cause of action for trademark infringement, it should have so pleaded. *See* 15 U.S.C. § 1114. Instead, PBA pleads:

> The Chamber's deceptive marketing and advertising, including the use of phrases like 'Oktoberfest returns' and 'Oktoberfest is Back,' displaying pictures of Projekt Bayern Services, and the mimicking of the project Bayern Services in connection with the LEAVENWORTH OKTOBERFEST Mark in the offering of the 2022 Festival, has caused actual confusion and is likely to cause additional confusion or to cause a mistake or to deceive as to affiliation, connection, or association between the City [sic?] and Projekt Bayern and constitutes false designation of origin within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

ECF No. 21 at 20, ¶ 87.

PBA does not plead the Chamber is infringing its federal or common law rights in the trademark LEAVENWORTH OKTOBERFEST. *See id.*; *see also* ECF No. 43 at 8 ("Projekt Bayern has not even asserted a trademark infringement claim against the Chamber"). Did PBA intend to plead the Chamber was infringing "rights" PBA alleged to have in the overall look and feel of its "Projekt Bayern Services"? Apparently not: PBA has unequivocally stated it is "not currently asserting a trade dress cause of action". *See* ECF No. 43 at 13. PBA has not pleaded what, if any, right it owns that the Chamber is alleged to infringe.

To survive dismissal, PBA must allege the elements of a particular cause of action,

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

but it has not done so.

> To prevail on [a] claim for false designation of origin and false description pursuant to 15 U.S.C. § 1125(a), [a complainant] must prove the same elements as for trademark infringement: (1) that [complainant] owns a valid and protectable trademark; and (2) that [the other party] used in commerce a similar mark without authorization in a manner likely to cause consumer confusion, deception, or mistake.

*Luxottica Grp., S.p.A. v. Eye Story, Inc.*, No. 2:18-CV-3374-CAS-GJS, 2020 U.S. Dist. LEXIS 83810, at *9 (C.D. Cal. May 11, 2020). Because PBA does not so plead, its causes must be dismissed.

### III. CONCLUSION

When PBA's third party claims are analyzed under the applicable standard of Fed. R. Civ. P. 12(b)(6), it is apparent they do not plausibly recite any claim upon which this Court may grant relief. The Chamber respectfully requests they be dismissed.

Respectfully submitted, this 16th day of November, 2022.

/s/ Robert J. Carlson

Robert J. Carlson, WSBA#18455
Lee & Hayes, P.C.
One Convention Place
701 Pike Street, Ste. 1600
Seattle, WA 98101
Phone: (206) 315-4001
Fax (206) 315-4004
Email:  bob@leehayes.com

Rhett V. Barney, WSBA #44764
Ethan B. Vodde, WSBA #55400
Johanna Tomlinson, WSBA #57582
Lee & Hayes, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Fax: (509) 323-8979
Emails: rhettb@leehayes.com
ethan.vodde@leehayes.com
johanna.tomlinson@leehayes.com

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

/s/ Robert J. Carlson
Robert J. Carlson, WSBA#18455
Lee & Hayes, P.C.
One Convention Place
701 Pike Street, Ste. 1600
Seattle, WA 98101
Phone: (206) 315-4001
Fax (206) 315-4004
Email: bob@leehayes.com

CHAMBER'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - 8

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979