1

2

3

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF LEAVENWORTH, a Washington municipal corporation, | NO. 2:22-CV-0174-TOR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS AND THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD-PARTY COMPLAINT |
| v. | |
| PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| LEAVENWORTH CHAMBER OF COMMERCE, a Washington nonprofit corporation, | |
| Third-Party Defendant. | |

BEFORE THE COURT are Plaintiff's Motion to Dismiss Defendant's

Amended Counterclaims (ECF No. 34) and Third-Party Defendant's Motion to

Dismiss Plaintiff's Third-Party Complaint (ECF No. 36).  These matters were

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S
AMENDED COUNTERCLAIMS AND THIRD-PARTY DEFENDANT'S
MOTION TO DISMISS THIRD-PARTY COMPLAINT ~ 1

submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiff's Motion to Dismiss Defendant's Amended Counterclaims (ECF No. 34) is **granted** and Third-Party Defendant's Motion to Dismiss Plaintiff's Third-Party Complaint (ECF No. 36) is **granted**.

## BACKGROUND

This matter relates to two competing Oktoberfest celebrations, one organized by Plaintiff the City of Leavenworth ("City") and the other organized by Defendant the Projekt Bayern Association ("Projekt Bayern"). [1]  ECF No. 1.  On September 21, 2022, Projekt Bayern filed Amended Counterclaims against the City and a Third-Party Complaint against Third-Party Defendant Leavenworth Chamber of Commerce ("Chamber").  ECF No. 21.  The Amended Counterclaims and Third-Party Complaint raise the following causes of action: (I) false designation of origin, false description, and unfair competition in violation of 15 U.S.C. § 1125(a) (against the City); (II) false designation of origin, false description, and unfair competition in violation of 15 U.S.C. § 1125(a) (against the Chamber); (III) common law unfair competition (against the City); (IV) common law unfair competition (against the Chamber); (V) violation of Washington's Consumer

---

[1]    The Court refers to the parties by name for clarity.

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS AND THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD-PARTY COMPLAINT ~ 2

1  Protection Act (against the City); and (VI) violation of Washington's Consumer

2  Protection Act (against the Chamber).  *Id.* at 15–28, ¶¶ 61–134.  The following

3  facts are drawn from Projekt Bayern's Amended Counterclaims and Third-Party

4  Complaint, which are accepted as true for the purposes of the present motion.

5  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

6       Since August 1998, Projekt Bayern has rendered, among other things,

7  entertainment services in the nature of organizing and conducting cultural festivals

8  featuring food, beverages, alcohol, live musical performances, and entertainment

9  for children and adults ("Projekt Bayern Services") in connection with the

10  trademark LEAVENWORTH OKTOBERFEST.  ECF No. 21 at 3, ¶ 8.  Since that

11  time, Projekt Bayern has operated its LEAVENWORTH OKTOBERFEST festival

12  in the City of Leavenworth.  *Id.* at 4, ¶ 16.

13       On September 26, 2012, the City and Projekt Bayern entered into a lease

14  agreement that leased Projekt Bayern space for its LEAVENWORTH

15  OKTOBERFEST event.  *Id.*, ¶ 17.  Under this agreement, the original term was

16  five years, with the possibility of automatic renewal after this first five-year period.

17  *Id.* at 5, ¶ 18.  In 2017, the 2012 lease agreement was renewed.  *Id.*, ¶ 22.

18       On July 11, 2017, LEAVENWORTH OKTOBERFEST was placed on the

19  Principal Register of the United States Patent and Trademark Office ("USPTO"),

20  Registration No. 5,239,374.  *Id.* at 3, ¶¶ 9–10.  Projekt Bayern invested hundreds

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S
AMENDED COUNTERCLAIMS AND THIRD-PARTY DEFENDANT'S
MOTION TO DISMISS THIRD-PARTY COMPLAINT ~ 3

of thousands of dollars in advertising, services, and in creating brand and goodwill in connection with LEAVENWORTH OKTOBERFEST.  *Id.* at 3–4, ¶¶ 13–14.  As a result of these activities, the public travels across the country yearly to participate in Projekt Bayern's LEAVENWORTH OKTOBERFEST event and the public recognizes LEAVENWORTH OKTOBERFEST as representing Projekt Bayern's services.  *Id.* at 4, ¶ 15.

On March 23, 2021, the City terminated the 2012 lease agreement.  *Id.* at 6, ¶ 24.

On June 3, 2022, the City issued a press release stating: "Historically, October has been reserved for Oktoberfest.  The City is seeking a new style of partnership with an entity that will conceptualize, plan, prepare, execute, evaluate and replicate a marquee event to promote the City, showcase local businesses, respect community character, celebrate inclusion, and balance the needs of visitors and residents in October."  *Id.* at 6, ¶ 25.  The City rejected Projekt Bayern's proposal to operate a LEAVENWORTH OKTOBERFEST event.  *Id.*, ¶ 26.

Following the City's rejection, Projekt Bayern moved its LEAVENWORTH OKTOBERFEST event to Wenatchee, Washington.  *Id.*, ¶ 28.  Projekt Bayern continues to operate the LEAVENWORTH OKTOBERFEST event in the same manner as years prior, including hiring the same musicians and vendors, marketing the event to the same prospective visitors, shuttling bus services between

1  Leavenworth and Wenatchee, and promoting Old-World Bavarian themes in

2  Leavenworth and the surrounding area.  *Id.* at 6–7, ¶ 29.

3       On July 11, 2022, the City announced that it would operate an "Oktoberfest

4  2022" ("2022 Festival") in Leavenworth to compete with Projekt Bayern's event in

5  Wenatchee.  *Id.* at 7, ¶ 33.  The Chamber, in partnership with the City, planned to

6  provide the 2022 Festival in a geographic area that directly overlaps with the area

7  in which Projekt Bayern provides its' services.  *Id.* at 7–8, ¶ 34.  The City and

8  Chamber marketed the 2022 Festival as an "event identical" to Projekt Bayern's.

9  *Id.* at 8, ¶ 35.  Despite Projekt Bayern's event being the only Oktoberfest in the

10 City for 20 years, the City and Chamber advertised that "Oktoberfest returns to

11 Leavenworth" and included photos of Projekt Bayern events.  *See id.* at 8–11, ¶¶

12 36–43.  While Projekt Bayern does not allege the City or Chamber used its

13 trademark, it alleges in one advertisement that the words "Leavenworth" and

14 "Oktoberfest" are "close together to subconsciously bring 'LEAVENWORTH

15 OKTOBERFEST' to the consumers' minds."  *Id.* at 10, ¶ 39.

## DISCUSSION

### I.    Motion to Dismiss Standard

18      Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may

19 move to dismiss the complaint for "failure to state a claim upon which relief can be

20 granted."  A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S
AMENDED COUNTERCLAIMS AND THIRD-PARTY DEFENDANT'S
MOTION TO DISMISS THIRD-PARTY COMPLAINT ~ 5

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

## II.    Counterclaims

The City moves to dismiss the Amended Counterclaims (Counts I, III, and V) asserted against it on the grounds Projekt Bayern failed to provide pre-suit notice for tort claims as required by Washington law. ECF No. 34 at 9–10. The City raises other arguments the Court does not address where the issue of pre-suit notice is dispositive to dismissing the counterclaims.

Under Washington law, "[a]ll local governmental entities … shall be liable for damages arising out of their tortious conduct … to the same extent as if they

1   were a private person or corporation." RCW 4.96.010(1).  However, "[f]iling a

2   claim for damages within the time allowed by law shall be a condition precedent to

3   the commencement of any action claiming damages." *Id.*  No action may be filed

4   until 60 days have elapsed after the claim is presented to the local government

5   entity.  RCW 4.96.020(4).  While the statute authorizes "substantial compliance"

6   with the substance of the claim, Washington courts require "strict compliance with

7   the filing procedures themselves." *Pirtle v. Spokane Pub. Sch. Dist. No. 81*, 83

8   Wash. App. 304, 309 (1996) (internal citations omitted).  The remedy for failure to

9   comply with the filing procedures is dismissal. *Id.*

10          The parties do not dispute that Counts I, III, and V of the Amended

11   Counterclaims sound in tort. *See Liberty Ammunition, Inc. v. United States*, 101

12   Fed. Cl. 581, 591 (2011); *Brown v. Safeway Stores, Inc.*, 94 Wash. 2d 359, 366

13   (1980).  These counterclaims seek relief for damage to Projekt Bayern's business

14   reputation and goodwill.  ECF No. 21 at 18, ¶¶ 75–76, 22, ¶¶ 98–99, 25–26, ¶¶

15   120–121.  The counterclaims are devoid of any assertion Projekt Bayern complied

16   with Washington's pre-suit notice filing requirements. *See id.*

17          First, Projekt Bayern argues the counterclaims are not barred because

18   Projekt Bayern also seeks injunctive relief against the City.  ECF No. 42 at 7.  This

19   would allow a plaintiff to skirt the pre-suit notice requirement merely by seeking

20

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S
AMENDED COUNTERCLAIMS AND THIRD-PARTY DEFENDANT'S
MOTION TO DISMISS THIRD-PARTY COMPLAINT ~ 7

1  injunctive relief in addition to damages for tort claims. Projekt Bayern cites no

2  authority in support of this position, and the Court finds none.

3       Second, Projekt Bayern asserts it submitted a tort claim to the City on

4  October 4, 2022. ECF No. 42 at 7. Projekt Bayern cites no evidence the Court

5  may review in support of this bare assertion. *Metzler*, 540 F.3d at 1061. As a

6  result, the Court dismisses without prejudice Projekt Bayern's counterclaims

7  against the City for failure to comply with RCW 4.96.010.

8  **III.    Third-Party Complaint**

9       The Chamber moves to dismiss all claims the (Counts II, IV, and VI)

10  asserted against it. ECF No. 36 at 5.

11  **A. Incorporation-by-Reference**

12       As an initial matter, the parties dispute whether the Court may consider two

13  declarations the Chamber submitted in support of its motion. ECF Nos. 43 at 2, 47

14  at 6. The Chamber asserts the Court may introduce evidence contradicting Projekt

15  Bayern's claim "that it has been the sole provider of Oktoberfest events in

16  Leavenworth for 20 years." ECF No. 47 at 8.

17       A court may consider documents incorporated by reference into a complaint

18  to "prevent[] plaintiffs from selecting only portions of documents that support their

19  claims, while omitting portions of those very documents that weaken – or doom –

20  their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir.

2018).  However, this "doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003.

Setting aside the declarations do not purport to provide context for any documents referenced in the Third-Party Complaint, the evidence merely disputes Projekt Bayern's factual allegations. *Khoja*, 899 F.3d at 1003.  As a result, the Court does not consider these declarations.  Fed. R. Civ. P. 12(d).

## B.   Chamber Claims

The Chamber moves to dismiss Projekt Bayern's Third-Party Complaint claims.  ECF No. 36 at 8.  Projekt Bayern asserts it is not claiming trademark infringement and its claims are otherwise adequately pled.  ECF No. 43 at 8.

In relevant part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which … is likely to cause confusion … or to deceive as to the affiliation … shall be liable in a civil action….

15 U.S.C. § 1125(a).

This section protects against infringement of registered and unregistered marks, as well as trade dress.  *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 926 (9th Cir. 2014).  For any claim under this section, a plaintiff must show "(1) it

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS AND THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD-PARTY COMPLAINT ~ 9

1   has a valid, protectable trademark, and (2) the defendant's use of the mark is likely

2   to cause confusion." *Id.* at 929 (internal citation and brackets omitted).

3        While Projekt Bayern asserts it owns the LEAVENWORTH

4   OKTOBERFEST mark, it does not make a claim for trademark infringement.  ECF

5   No. 43 at 8.  Projekt Bayern concedes it "is not claiming the rights to the name

6   'Leavenworth' or the word 'Oktoberfest' alone, but instead the mark as a whole."

7   ECF No. 43 at 10.  However, Projekt Bayern does not allege the Chamber used the

8   "mark as a whole."  *See* ECF No. 21.  Based on the allegations in the Third-Party

9   Complaint, the Court finds Projekt Bayern has failed to state a § 1125(a) claim for

10  failure to allege the Chamber used Projekt Bayern's mark.

11       For the same reason, Projekt Bayern's Washington unfair competition and

12  CPA claims must be dismissed.  *See* RCW 19.86.920; *Seattle Endeavors v. Mastro*,

13  123 Wash. 2d 339, 350 (1994); *eAcceleration Corp. v. Trend Micro, Inc.*, 408 F.

14  Supp. 2d 1110, 1114 (W.D. Wash. 2006).

15  **ACCORDINGLY, IT IS HEREBY ORDERED:**

16       1.  Plaintiff's Motion to Dismiss Defendant's Amended Counterclaims (ECF

17           No. 34) is **GRANTED**.  Defendant's counterclaims (Counts I, III, and V)

18           against Plaintiff are **DISMISSED without prejudice**.

19       2.  Third-Party Defendant's Motion to Dismiss Third-Party Plaintiff's

20           Complaint (ECF No. 36) is **GRANTED**.  Defendant's third-party claims

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S
AMENDED COUNTERCLAIMS AND THIRD-PARTY DEFENDANT'S
MOTION TO DISMISS THIRD-PARTY COMPLAINT ~ 10

against Third-Party Defendant (Counts II, IV, and VI) are **DISMISSED without prejudice**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED December 7, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS AND THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD-PARTY COMPLAINT ~ 11