1
2
3
4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF LEAVENWORTH, a Washington municipal corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>PROJEKT BAYERN ASSOCIATION, a Washington nonprofit corporation,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>LEAVENWORTH CHAMBER OF COMMERCE, a Washington nonprofit corporation,<br><br>    Third-Party Defendant. | NO. 2:22-CV-0174-TOR<br><br>ORDER ON MOTION TO DISMISS DEFENDANT'S SECOND AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) |

BEFORE THE COURT is a Motion to Dismiss Defendant's Second Amended Counterclaims (ECF No. 51) and a Motion to Dismiss Third-Party's Amended Complaint (ECF No. 52). These matters were submitted for

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 1

consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, the motions are **granted in part and denied in part.**

## BACKGROUND

This matter relates to two competing Oktoberfest celebrations, one organized by Plaintiff the City of Leavenworth (the "City") and the other organized by Defendant the Projekt Bayern Association ("Projekt Bayern").[1] ECF No. 1.  On December 21, 2022, Projekt Bayern filed a Second Amended Counterclaim and First Amended Third-Party Complaint.  ECF No. 50.  The City and Third-Party Defendant Leavenworth Chamber of Commerce (the "Chamber") filed motions to dismiss.  ECF Nos. 51, 52.  The Second Amended Counterclaims and Amended Third-Party Complaint raise the following causes of action: (I) false designation of origin, false description, and unfair competition in violation of 15 U.S.C. § 1125(a) (against the City); (II) false designation of origin, false description, and unfair competition in violation of 15 U.S.C. § 1125(a) (against the Chamber); (III) common law unfair competition (against the City); (IV) common law unfair competition (against the Chamber); (V) violation of Washington's Consumer Protection Act (against the City); (VI) violation of Washington's

---

[1]  The Court refers to the parties by name for clarity.

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 2

Consumer Protection Act (against the Chamber), and (VII) tortious interference with business expectancy (against the City). ECF No. 50 at 17–32, ¶¶ 1–88.[2] The following facts are drawn from Projekt Bayern's Amended Counterclaims and Third-Party Complaint, which are accepted as true for the purposes of the present motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

Since August 1998, Projekt Bayern has rendered, among other things, entertainment services in the nature of organizing and conducting cultural festivals featuring food, beverages, alcohol, live musical performances, and entertainment for children and adults ("Projekt Bayern Services") in connection with the trademark LEAVENWORTH OKTOBERFEST. ECF No. 50 at 3, ¶ 8. Since that time, Projekt Bayern has operated its LEAVENWORTH OKTOBERFEST festival in the City of Leavenworth. *Id.* at 4, ¶ 16.

On September 26, 2012, the City and Projekt Bayern entered into a lease agreement that leased Projekt Bayern space for its LEAVENWORTH OKTOBERFEST event. *Id.*, ¶ 17. Under this agreement, the original term was five years, with the possibility of automatic renewal after this first five-year period. *Id.* at 5, ¶ 18. In 2017, the 2012 lease agreement was renewed. *Id.*, ¶ 22.

---

[2] The paragraph numbering restarts at Count I in the Second Amended Counterclaims and First Amended Third-Party Complaint.

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 3

On July 11, 2017, LEAVENWORTH OKTOBERFEST was placed on the Principal Register of the United States Patent and Trademark Office ("USPTO"), Registration No. 5,239,374. *Id.* at 3, ¶¶ 9–10. Projekt Bayern invested hundreds of thousands of dollars in advertising and services to create a brand and goodwill in connection with LEAVENWORTH OKTOBERFEST. *Id.* at 3–4, ¶¶ 13–14. As a result, the public travels across the country yearly to participate in Projekt Bayern's LEAVENWORTH OKTOBERFEST event and the public recognizes LEAVENWORTH OKTOBERFEST as representing Projekt Bayern's services. *Id.* at 4, ¶ 15.

On March 23, 2021, the City terminated the 2012 lease agreement. *Id.* at 6, ¶ 24. On June 3, 2022, the City issued a press release stating: "Historically, October has been reserved for Oktoberfest. The City is seeking a new style of partnership with an entity that will conceptualize, plan, prepare, execute, evaluate and replicate a marquee event to promote the City, showcase local businesses, respect community character, celebrate inclusion, and balance the needs of visitors and residents in October." *Id.*, ¶ 25. Projekt Bayern submitted a proposal to operate a LEAVENWORTH OKTOBERFEST event but the proposal was rejected by the City. *Id.*, ¶ 26. Projekt Bayern reserved the Leavenworth Festhalle for its LEAVENWORTH OKTOBERFEST 2022 event, but the City directed the Festhalle to cancel the reservation. *Id.*, ¶ 27.

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 4

Following the rejection and reservation cancellation, Projekt Bayern moved its LEAVENWORTH OKTOBERFEST event to Wenatchee, Washington. *Id.*, ¶ 28. Projekt Bayern continues to operate the LEAVENWORTH OKTOBERFEST event in the same manner as years prior, including hiring the same musicians and vendors, marketing the event to the same prospective visitors, shuttling bus services between Leavenworth and Wenatchee, and promoting Old-World Bavarian themes in Leavenworth and the surrounding area. *Id.* at 6–7, ¶ 29.

On July 11, 2022, the City announced that it would operate an "Oktoberfest 2022" ("2022 Festival") in Leavenworth to compete with Projekt Bayern's event in Wenatchee. *Id.* at 7, ¶ 33. The Chamber, in partnership with the City, planned to provide the 2022 Festival in a geographic area that directly overlaps with the area in which Projekt Bayern provides its' services. *Id.* at 7–8, ¶ 34. The City and Chamber marketed the 2022 Festival as an "event identical" to Projekt Bayern's. *Id.* at 8, ¶ 35. Despite Projekt Bayern's event being the only Oktoberfest in the City for 20 years, the City and Chamber advertised that "Oktoberfest returns to Leavenworth" and included photos of Projekt Bayern events. *See id.* at 8–11, ¶¶ 36–43. While Projekt Bayern does not allege the City or Chamber used its trademark, it alleges the use of the phrases "Oktoberfest returns" and "Oktoberfest is back," along with the hashtag #leavenworthoktoberfest, in association with

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 5

pictures from Projekt Bayern's prior LEAVENWORTH OKTOBERFEST events, has caused confusion regarding the sponsor of the 2022 Festival. *Id.* at 15, ¶ 55.

## DISCUSSION

### I.     Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The City moves to dismiss the Second Amended Counterclaims asserted against it (Counts I, III, V, and VII) on the grounds that its activities constitute fair use, the pleadings fail to identify any right being infringed, the pleadings fail to identify how the City can be held secondarily liable, and the claim for tortious interference fails to plead the requisite elements. ECF No. 51. The Chamber moves to dismiss the Amended Claims asserted against it (Counts II, IV, and VI) on similar grounds. ECF No. 52.

### A. Unfair Competition (Counts I-VI)

Projekt Bayern alleges unfair competition arising under the Lanham Act, 15 U.S.C. § 1125(a), the common law, and the Washington Consumer Protection Act ("CPA)", RCW 19.86. ECF No. 50 at 17–29, ¶¶ 1–70. The City and Chamber seek dismissal of the claims, arguing the use of certain Oktoberfest-related phrasing constitutes fair use. ECF Nos. 51 at 10; 52 at 11. Projekt Bayern asserts it has not alleged trademark infringement; therefore, the assertion of fair use is misplaced. ECF No. 53 at 18.

As an initial matter, Projekt Bayern attempts to argue a claim for unfair competition under the Lanham Act is separate and distinct from a claim for trademark infringement because § 43(a) "goes beyond trademark protection" and "does not require that a plaintiff possess or have used a trademark in U.S. commerce as an element of the cause of action." ECF No. 53 at 13 (quoting

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 7

1 *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1053 (9th Cir. 2019); *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 706 (4th Cir. 2016)). Projekt Bayern misconstrues the distinctions made by other courts regarding § 43(a) claims. The cases cited by Projekt Bayern discuss the distinction between claims arising under § 32, which applies only to registered trademarks, versus claims arising under § 43(a), which applies to "a wider range of practices," such as infringement of registered and unregistered marks, trade dress, false advertising, and product disparagement. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 n.8 (9th Cir. 1999); *see also Blemora LLC*, 819 F.3d at 706. The Ninth Circuit has stated the analyses under Sections 43(a) and 32 are "oftentimes identical," despite the differences in the statutory language. *Brookfield Commc'ns, Inc.*, 174 F.3d at 1047 n.8; *see also eAcceleration Corp. v. Trend Micro, Inc.*, 408 F. Supp. 2d 1110, 1114 (W.D. Wash. 2006). The success of either type of claim turns on whether there is a likelihood of confusion; the characterization of the infringing activity is irrelevant. *New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical is there a "likelihood of confusion?"). Consequently, to adequately plead a claim under § 43(a), Projekt Bayern must plead the existence of a valid, protectable trademark and subsequent use by another that is likely to cause consumer

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 8

confusion. *Id*. Styling the claim as unfair competition has no bearing on the analysis.

The City and Chamber do not challenge Projekt Bayern's pleading with regard to the existence of a valid mark or likelihood of confusion. Accordingly, the Court will presume these elements are sufficiently pleaded for the purposes of this motion. Rather, the City and Chamber assert their use of certain terms and phrases constitutes fair use because they are used to describe the location of the event (in the city of Leavenworth), the type of event (an Oktoberfest celebration), and to demonstrate the event is returning after a hiatus due to COVID-19. ECF Nos. 51 at 10–14; 52 at 11–12. The offending terms and phrases are "Oktoberfest returns," "Oktoberfest is back," and #leavenworthoktoberfest. ECF No. 50 at 17–29, ¶¶ 1–70.

Projekt Bayern argues the use of these terms trades off the good will in Projekt Bayern's federally registered trademark, LEAVENWORTH OKTOBERFEST, and has caused confusion among consumers. *Id*. Projekt Bayern does not allege the City and Chamber specifically infringed on the registered mark, other than its use in a hashtag. ECF No. 53 at 19; *see* ECF No. 50 at 8–13, ¶¶ 35–47. Moreover, Projekt Bayern does not claim ownership of "Leavenworth" and "Oktoberfest" when used independently. Rather, Projekt Bayern alleges infringement occurs when the words are used in close proximity to

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 9

each other and in connection with photographs from Projekt Bayern's prior LEAVENWORTH OKTOBERFEST events. ECF No. 53 at 19.

The classic fair use defense entitles a "junior user . . . to use a descriptive term in good faith in its primary, descriptive sense other than as a trademark." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150 (9th Cir. 2002). A defendant asserting the defense must demonstrate its use is "(1) other than as a trademark, (2) descriptive of the defendant's goods, and (3) in good faith." *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 935 (9th Cir. 2017) (citing 15 U.S.C. § 1115(b)(4)). The degree of consumer confusion is a factor in evaluating fair use. *Id*.

The City and Chamber have successfully demonstrated fair use in the phrases "Oktoberfest returns" and "Oktoberfest is back." First, the protected mark does not appear in theses phrases; therefore, the phrases are not used as a trademark. Second, the phrases generically describe the type of event being hosted by the City and Chamber—an Oktoberfest event. The appearance of the term "Leavenworth" in "close proximity" to these phrases merely describes the location of the event. Any confusion associated with the use of "Oktoberfest returns" and "Oktoberfest is back" cannot be fairly attributable to infringement, as the phrases do not utilize Projekt Bayern's trademark. Finally, the City and Chamber appear to use the terms in good faith. Accordingly, the phrases "Oktoberfest returns" and

"Oktoberfest is back" constitute fair use. Projekt Bayern's unfair competition claims under § 43(a) are dismissed with regard to these phrases.

As to the hashtag, #leavenworthoktoberfest, the City and Chamber argue hashtags are "merely descriptive devices, not trademarks." ECF Nos. 51 at 14; 52 at 12 (quoting *Eksouzian v. Albanese*, No. CV 13-00728-PSG-MAN, 2015 WL 4720478, at *8 (C.D. Cal. Aug. 7, 2015)). However, other courts have held otherwise. See *Pub. Impact, LLC v. Boston Consulting Grp., Inc.*, 169 F. Supp. 3d 278, 295 (D. Mass. 2016) (finding a defendant's use of a competitor's mark as a hashtag was likely to cause confusion); *Juul Labs, Inc. v. 4X PODS.*, 439 F. Supp. 3d 341, 357 (D. N.J. 2020) (indicating the use of a competitor's mark as a hashtag in social media could promote consumer confusion); *Safeway Transit LLC v. Disc. Party Bus, Inc.*, 334 F. Supp. 3d 995 (D. Minn. 2018), *aff'd,* 954 F.3d 1171 (8th Cir. 2020) (enjoining defendants from using plaintiff's trademarks as hashtags in advertising); *Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-CV-06663-TSH, 2019 WL 1586776, at *7 (N.D. Cal. Apr. 12, 2019) (declining to find nominative fair use where hashtags are visible in advertising). Accordingly, Projekt Bayern's claim for unfair competition under § 43(a) may proceed with regard to #leavenworthoktoberfest.

Projekt Bayern's unfair competition claims under the common law and Washington CPA are premised on the same factual allegations. ECF No. 50 at 22–

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 11

32, ¶¶ 30–88. Therefore, those claims must be dismissed with regard to "Oktoberfest is back" and "Oktoberfest returns." *See* RCW 19.86.920; *eAcceleration Corp.*, 408 F. Supp. 2d at 1114. The claims may proceed as to #leavenworthoktoberfest.

The City and Chamber raise two additional theories of dismissal for the unfair competition causes of action: failure to state a claim for trade dress infringement and failure to state a claim for secondary liability. ECF Nos. 51 at 14; 52 at 13. Projekt Bayern does not assert a trade dress cause of action, however, nor has it asserted the City is vicariously liable for the Chamber's actions—it argues the City and Chamber are both directly liable for the infringement. ECF No. 53 at 16–17. In any event, these alternative theories have no bearing on the survival of the claims related to #leavenworthoktoberfest. Therefore, the Court declines to reach these additional theories.

**B. Tortious Interference (Count VII)**

Projekt Bayern alleges the City tortiously interfered with its valid business expectancy to continue hosting its LEAVENWORTH OKTOBERFEST event by rejecting Projekt Bayern's proposal in favor of an unqualified third-party and forcing the Leavenworth Festhalle to cancel Projekt Bayern's Fall 2022 reservation. ECF No. 50 at 29–32, ¶¶ 71–88. The City seeks dismissal of the

claim, arguing Projekt Bayern could not have a legitimate business expectancy where it no longer had a contract with the City. ECF No. 51 at 17.

To state a claim for tortious interference with a business expectancy, a plaintiff must allege five elements: (1) the plaintiff had a valid business expectancy, (2) the defendant knew of the expectancy, (3) the defendant intentionally interfered, which caused or induced the termination of the expectancy, (4) the defendant had an improper purpose or used improper means, and (5) the plaintiff suffered damages. *Greensun Group, LLC v. City of Bellevue*, 7 Wash. App. 754, 768 (2019) (citing *Pac. Nw. Shoot Park Ass'n v. City of Sequim*, 158 Wash.2d 342, 351 (2006)).

The City cites to *Pac. Nw. Shooting Park Ass'n* for the proposition that Projekt Bayern must identify a specific relationship with identifiable third parties to meet the first element of the tortious interference claim. ECF No. 51 at 17. However, *Pac. Nw. Shooting Park Ass'n* involved a claim for tortious interference with a contractual relationship, which is different from tortious interference with a business expectancy. *Greensun Group, LLC*, 7 Wash. App. at 769–70. To meet the first element for a claim for tortious interference with a business expectancy, Washington courts "require something less than an enforceable contract," which may include "any prospective . . . business relationship that would be of pecuniary value." *Id*. at 768 (citations omitted). However, the plaintiff must have "a

reasonable expectation" in the future business prospect, not "merely wishful thinking." *Id*. (citation omitted).

Here, the parties entered an agreement in 2012, which was valid for a period of five years. ECF No. 50 at 5, ¶ 18. The agreement was renewed in 2017. *Id*., ¶ 22. The City terminated the parties' agreement on March 23, 2021. *Id*. at 6, ¶ 24. Projekt Bayern does not allege the City improperly terminated the agreement. The City then sent out a press release indicating it was "seeking a new style of partnership" for the 2022 Festival event. *Id*. at 30, ¶ 74. Projekt Bayern was one of two entities that submitted applications for the new partnership. *Id*., ¶ 76. Projekt Bayern was not selected. *Id*. at 31, ¶ 80. The majority of Projekt Bayern's allegations imply it expected to be selected based on its past contractual relationship with the City. However, there are no facts to suggest the City ever indicated it would select Projekt Bayern. In fact, the City's cancellation of the agreement seems to cut against any reasonable expectation Projekt Bayern may have had in being selected.

As to the Festhalle reservation, the pleadings merely state the Festhalle policies and procedures "allowed groups to lease the facility for the same period that they had in the prior year," and that the "City directed the Leavenworth Festhalle's staff to cancel Projekt Bayern's reservations for 2022 in violation of Leavenworth Festhalle's published policies and procedures." *Id*. at 6, ¶ 27. There

are no facts indicating Projekt Bayern undertook preparations in reliance of the reservation. *See Greensun Group, LLC*, 7 Wash. App. 2d at 769.

Based on the pleadings, Projekt Bayern's claimed business expectancy seems to be nothing more than wishful thinking. Consequently, Projekt Bayern has not alleged sufficient facts to support the existence of a valid business expectancy. Without a valid business expectancy, Projekt Bayern cannot adequately plead the remaining elements of the claim. Accordingly, the claim is dismissed.

## II.  Leave to Amend

The Court previously dismissed Projekt Bayern's claims for unfair competition under the Lanham Act, common law, and Washington CPA. ECF No. 48. Although the standard for granting leave to amend is generous, the Court should consider, *inter alia*, whether amendment would be futile. Fed. R. Civ. P. 15(a)(2); *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Looking to the pleadings, it is difficult to see how Projekt Bayern could amend these claims to sufficiently state causes of action for unfair competition. Nonetheless, Projekt Bayern will once again be granted leave to amend. However, failure to cure the deficiencies will result in a denial of leave to amend in the future. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir.

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 15

2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Projekt Bayern is also granted leave to amend its claim for tortious interference with business expectancy.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Motion to Dismiss Defendant's Seconded Amended Counterclaims (ECF No. 51) is **GRANTED in part and DENIED in part**. Counts I, III, and V may proceed with regard to #leavenworthoktoberfest. The counterclaims are otherwise **DISMISSED without prejudice**. Count VII is **DISMISSED without prejudice**.

2. The Motion to Dismiss Third-Party Plaintiff's Amended Complaint (ECF No. 52) is **GRANTED in part and DENIED in part**. Counts II, IV, and VI may proceed with regard to #leavenworthoktoberfest. The counterclaims are otherwise **DISMISSED without prejudice**.

3. Projekt Bayern is granted leave to file an amended third-party complaint and counterclaims within **thirty (30) days** of the date of this Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 3, 2023.



THOMAS O. RICE
United States District Judge

ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS (ECF No. 51) AND MOTION TO DISMISS THIRD-PARTY COMPLAINT (ECF No. 52) ~ 16